CARMEN BETANCOURT DE MUNDO, Tutora de JOSÉ MUNDO ARZUAGA, demandante y apelada, *v.* FRANCISCO MUNDO, Albacea de FACUNDO MUNDO MATOS, ET ALS., y ANDRÉS FLORES LÓPEZ y CASTOR CARRIÓN, demandados y apelantes.

Núm. 7642.—*Sometido:* Febrero 15, 1939. *Resuelto:* Julio 13, 1939.

_Luis Ríos Algarín, E. Urrutia Martorell, E. H. F. Dottin, Luis Ve-_
_negas Cortés_ y _P. Román Benítez,_ abogados, respectivamente, de
los distintos demandados y apelantes; _Silvestre Cruz Disdier,_
:abogado de la apelada.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del
tribunal.

Éste es un pleito entablado por la tutora de un incapa-
citado contra los herederos y fiadores de su antecesor en
dicho cargo en reclamación de dinero perteneciente al in-
capaz.

Seguido por todos sus trámites se falló en contra de
los demandados condenándoseles a "pagar mancomunada y
solidariamente a la demandante Carmen Betancourt de
Mundo, en su carácter de tutora del incapaz José Mundo
Arzuaga, la cantidad de $8,558.50 con excepción de los fia-
dores Andrés Flores López y Castor Carrión, cuya obliga-

ción no excede de $8,000, que es el importe de las dos fianzas que prestaron, con más intereses legales desde la interposición de la demanda el día 7 de octubre de 1933, costas, y honorarios de abogado que la Corte estima en la cantidad de $400.''

Apelaron los fiadores por medio de su abogado Luis Ríos Algarín; la demandada Valeriana Meléndez por sí y por sus menores hijos por medio de su abogado Eduardo Urrutia, y los demandados Francisco y Bienvenido Mundo por medio de su abogado E. H. F. Dottin.

Archivada la transcripción de la evidencia en noviembre 27, 1937, se fueron solicitando prórrogas para la presentación de los alegatos. En enero 11, 1938, la parte apelada pidió la desestimación del recurso. Se opusieron los apelantes representados por los letrados Dottin y Ríos. La moción se declaró sin lugar. Continuaron las peticiones de prórrogas hasta que finalmente en marzo 26, 1938, el abogado Dottin presentó su alegato titulándolo ''Alegato de los demandados Francisco, Bienvenido y Severo Mundo'', y en abril 6 siguiente el abogado Ríos archivó el alegato de los fiadores. En mayo 5, 1938, la apelada radicó un ''escrito de impugnación''. Los apelantes Valeriana Meléndez y sus menores hijos no perfeccionaron su recurso.

En febrero 15, 1939, se celebró la vista. Asistieron los apelantes representados por Dottin y la apelada representada por Disdier. Los fiadores sometieron su apelación por los alegatos.

Consideraremos primero el caso en relación con los herederos. Luego en cuanto a los fiadores.

■■■ En su opinión el juez de distrito hizo un resumen completo de la demanda y de las varias contestaciones y seguidamente se expresó así:

''De la evidencia resulta que la demandante es tutora de José Mundo Arzuaga. Que Facundo Mundo tenía en su poder, en calidad de tutor de su hijo, el incapacitado José Mundo Arzuaga, la cantidad de $8,558.50, y que al fallecer dicho Facundo Mundo esta

cantidad nunca fué entregada a la demandante como tutora del incapacitado, a pesar de los requerimientos que hiciera con tal fin.

"El propio demandado, Sr. Francisco E. Mundo, albacea de la herencia de Facundo Mundo, declaró que cuando él era albacea, la sucesión tenía deudas al comercio, a los hospitales y otras más que constan en el récord de un inventario que presentó a la corte; que no pagó las cuentas que pertenecían al incapacitado José Mundo Arzuaga, 'al que se le deben $8,000 y pico y que la tutora le ha rec.amado ese dinero y no se le ha pagado en la actualidad.' Declaró, además, que se pagaron algunas cuentas que se le debían a la sucesión. Que presentó un inventario a la corte y allí se dice el dinero que se recibió y el que se pagó.

"Disponen los Arts. 219 y 220 del Código Civil (ed. 1930), lo siguiente;

" 'Art. 219.—El tutor que sea reemplazado por otro, está obligado, lo mismo que sus herederos, a rendir cuenta general de la tutela al que le reemplace, cuya cuenta será examinada y censurada en la forma que previene el artículo precedente. El nuevo tutor será responsable al menor por los daños y perjuicios, si no pidiere y tomare las cuentas de su antecesor.'

" 'Art. 220.—Acabada la tutela, el tutor o sus herederos están obligados a dar cuenta de su administración al que haya sido sometido a aquélla o a sus representantes o derechohabientes.'

"No hay duda alguna de acuerdo con estos preceptos legales, de la obligación en que están los herederos de entregar a la tutora demandante el capital que tenía en su poder el anterior tutor, perteneciente al incapaz José Mundo Arzuaga. Y en caso de que el anterior tutor hubiere ilegalmente dispuesto de dicho capital, surge entonces la obligación por parte de los herederos de pagar con sus bienes particulares la deuda de su causante, a menos que hubiesen repudiado la herencia o la hubiesen aceptado a beneficio de inventario.

"Ya hemos visto que el heredero Francisco R. Mundo alegó que había renunciado o repudiado la herencia, y los herederos Bienvenido, Severo, Luisa, Dolores y Nemesio Mundo alegaron que la habían aceptado a beneficio de inventario. Los tres últimos, Luisa, Dolores y Nemesio Mundo, a pesar de la alegación que hicieron no presentaron en evidencia la escritura de aceptación de herencia a beneficio de inventario, ni ninguna otra evidencia al efecto, de modo que sólo nos resta considerar el efecto legal de la renuncia hecha por el demandado Francisco E. Mundo y la aceptación a beneficio de inventario que hicieron los demandados Bienvenido y Severo Mundo.

"De acuerdo con las alegaciones y la prueba, Facundo Mundo Matos, causante de los demandados, falleció el 26 de marzo de 1931. También aparece que los herederos estaban en poder de la herencia, y siendo ello así, es preciso determinar si la renuncia y aceptación de la herencia a beneficio de inventario fué hecha dentro del plazo que determina la ley.

"Según aparece del *exhibit* '1' de los demandados, que es la escritura Núm. 34 otorgada por Francisco Mundo ante el notario don E. H. F. Dottin el 12 de abril de 1931, repudiendo la herencia de su padre Facundo Mundo, dicha repudiación se hizo 17 días después del fallecimiento del testador. La aceptación a beneficio de inventario que hizo Severo Mundo Arzuaga, tuvo lugar, según el *exhibit* '3' de los demandados, el día 11 de marzo de 1932, o sea cerca de un año después de muerto el causante, y la aceptación a beneficio de inventario que hizo el otro demandado Bienvenido Mundo Arzuaga, según aparece del *exhibit* '2' de los demandados, tuvo lugar el 20 de junio de 1932, o sea, más de un año después del fallecimiento del causante, a pesar de que los herederos vivían en el lugar del fallecimiento.

"A este efecto, dice el Art. 968 del Código Civil (ed. 1930):

" 'Art. 968.—El heredero que tenga en su poder los bienes de la herencia o parte de ellos y quiera utilizar el beneficio de inventario o el derecho de deliberar, deberá manifestarlo a la Corte de Distrito competente para conocer de la testamentaría o del abintestato, dentro de los diez días siguientes al en que supiere ser tal heredero, si reside en el lugar donde hubiese fallecido el causante de la herencia. Si residiere fuera, el plazo será de 30 días.

"En uno y otro caso, el heredero deberá pedir a la vez la formación del inventario y la citación a los acreedores y legatarios para que acudan a presenciarlo si les conviniere.' "

Transcribe entonces lo que dice el comentarista Manresa en relación con lo dispuesto en los artículos 1014, 1015 y 1016 del Código Civil Español correspondientes a los 968, 969 y 970 del nuestro (ed. 1930), y concluye:

"Es evidente, de acuerdo con la ley y el comentarista citado, que tanto la renuncia del demandado Francisco Mundo como la aceptación a beneficio de inventario que intentaron hacer los demandados Bienvenido y Severo Mundo son ineficaces en derecho, y deben ser considerados como que han aceptado la herencia pura y simplemente. Siendo ello así, responden ellos al igual que los demás herederos, de las deudas y obligaciones de su causante."

Contienden los herederos apelantes que la corte sentenciadora erró al declarar ineficaces la repudiación de la herencia del tutor Facundo Mundo hecha por Francisco Mundo y la aceptación de la misma a beneficio de inventario hecha por Bienvenido y Severo Mundo y al condenarlos en su consecuencia al pago de la reclamación.

Para la debida decisión de la contienda conviene conocer además de lo dispuesto en el artículo 968 del Código Civil transcrito en la parte copiada de la opinión del juez sentenciador, lo prescrito en los artículos 969 y 970 del propio cuerpo legal, a saber:

"Artículo 969.—Cuando el heredero no tenga en su poder la herencia o parte de ella, ni haya practicado gestión alguna como tal heredero, los plazos expresados en el artículo anterior se contarán desde el día siguiente al en que expire el plazo que la corte de distrito le hubiese fijado para aceptar o repudiar la herencia, conforme al artículo 959 o desde el día en que la hubiese aceptado o hubiera gestionado como heredero.

"Artículo 970.—Fuera de los casos a que se refieren los dos anteriores artículos, si no se hubiere presentado ninguna demanda contra el heredero, podrá éste aceptar a beneficio de inventario o con el derecho de deliberar, mientras no prescriba la acción para reclamar la herencia."

A los efectos de concluir que la repudiación y la aceptación a beneficio de inventario de que se trata se hicieron fuera de término, la corte declaró antes probado como hemos visto que los herederos se hallaban en posesión de los bienes de la herencia. Si realmente lo estaban, la conclusión se sostiene. Si no, cae por su base. Precisa, pues, examinar la evidencia, ya que los apelantes en su alegato afirman que "no se alegó, y en ningún momento se trató de probar ni se probó que el Dr. Francisco Mundo hubiese empleado en su propio beneficio bien alguno perteneciente a la herencia", y que "en el caso de los demandados Bienvenido y Severo Mundo ni se alegó, ni se probó y mucho menos se intentó probar que tuviera ninguno de estos herederos en su poder bien alguno perteneciente a la herencia".

Hemos examinado la demanda y tenemos que reconocer que no contiene alegación alguna específica relativa a que los herederos del tutor Facundo Mundo estuvieran en posesión de los bienes de la herencia. Se alega que la Sucesión de Facundo Mundo debe al haber del incapacitado la suma reclamada y que los bienes dejados por el dicho Facundo Mundo, antiguo tutor, son insuficientes para responder de dicha suma, motivo por el cual se demanda a los fiadores, pero en ninguna parte se dice que los herederos demandados entraron en la posesión y disfrute de los bienes hereditarios.

Hemos escudriñado la evidencia aportada en el acto del juicio por una y otra parte y nada hay en ella que demuestre que los herederos demandados Bienvenido y Severo Mundo estuvieran en poder de la herencia. Con respecto al heredero Francisco Mundo se infiere de la documentación presentada, que tuvo necesariamente que entrar en la posesión de los bienes de la herencia pero no como heredero sino como albacea y la posesión en tal concepto no obstaculiza su derecho a la repudiación.

Y esa falta de prueba es tanto más de tomarse en consideración cuanto que la contestación a la demanda que conjuntamente formularon los dichos herederos demandados Francisco, Bienvenido y Severo Mundo contiene la siguiente negación:

"Los demandados Francisco, Bienvenido y Severo Mundo niegan que ellos como herederos de Facundo Mundo Matos y formando parte de la Sucesión del dicho Facundo Mundo Matos deban al incapaz José Mundo Arzuaga los $8,558.50 que reclama ni ninguna parte de esa suma, porque los citados demandados, Bienvenido y Severo Mundo, aceptaron la herencia a beneficio de inventario y hasta la fecha no han recibido ni tomado ni aceptado parte o porción alguna de los bienes dejados al fallecimiento del dicho Facundo Mundo Matos y el demandado, Francisco Mundo, repudió la herencia."

Siendo ello así, la sentencia debe revocarse en cuanto a los repetidos herederos demandados, por lo que respecta a sus bienes propios.

██ Examinemos el caso en cuanto a los fiadores.

Apreciando la prueba y aplicando la ley a los efectos de basar la sentencia que contra ellos dictara, se expresa en su opinión la corte de distrito como sigue:

"El Código Civil (Ed. 1930) tratando del afianzamiento de la tutela, prescribe en el Art. 200, lo siguiente:

" 'Art. 200.—El tutor, antes de que se le defiera el cargo, prestará fianza para asegurar el buen resultado de su gestión.'

"Y el Art. 220 dispone que acabada la tutela el tutor o sus herederos están obligados a dar cuenta de su administración al que haya estado sometido a aquélla o a sus representantes o derechohabientes.

"No han cumplido los herederos en este caso con la obligación que les impone el Art. 220, de rendir cuenta a la demandante como tutora del incapaz, de los bienes y efectos que estuvieron en poder del tutor Facundo Mundo, y de este incumplimiento son responsables los fiadores.

"Las dos fianzas prestadas por los fiadores demandados, en lo pertinente dicen así:

"Fianza de 27 de junio de 1927 (*Exhibit* 'C' de la demandante).

" 'Que habiendo sido nombrado por la Corte de Distrito de San Juan, el Sr. Facundo Mundo Matos tutor de su hijo el Sr. José Mundo Arzuaga, quien se encuentra recluído actualmente en el Manicomio Insular, padeciendo de insanidad mental, el peticionario Facundo Mundo Matos, como tutor de dicho incapacitado, recibe mensualmente del Gobierno de los Estados Unidos la cantidad de $100.00, y tiene bajo su guarda y custodia toda la propiedad perteneciente a dicho incapacitado, si el Sr. Facundo Mundo Matos cumple debidamente con los deberes de su cargo como tal tutor, de acuerdo con la ley, así como todas las órdenes que pudiera dictar esta Corte con respecto a los bienes de dicho incapacitado, y administra honrada y fielmente los intereses de dicho incapacitado, entonces esta obligación quedará nula y sin valor ni efecto alguno; pero en caso contrario, quedará en toda su fuerza y vigor, siendo nosotros mancomunada y solidariamente responsables del cumplimiento de la misma.'

"Fianza de 21 de marzo de 1928, radicada el 30 de dicho mes (*Exhibit* 'D' de la demandante).

" 'Libre y espontáneamente garantizamos mancomunada y solidariamente la obligación que por la presente fianza ha contraído el citado Administrador Judicial, don Facundo Mundo Matos, respondiendo de la suma de $4,000.00 para garantizar su fiel y buena administración de los bienes del citado incapacitado don José Mundo

Arzuaga, en el caso que haya merma, deterioro, déficit o desfalco de dichos bienes durante la administración judicial, y hasta que se haya liquidado y entregado a satisfacción de la Corte, tales bienes.'

"Como podrá verse, los documentos parcialmente transcritos no contienen las limitaciones que alegan los fiadores en su contestación, y si bien la fianza radicada el 30 de marzo de 1928 (*Exhibit* D de la demandante) titula a don Facundo Mundo Matos 'Administrador Judicial' del incapacitado, este error de redacción en nada altera la obligación de la fianza, porque tratándose de fianzas judiciales, el documento debe interpretarse de conformidad con la intención del Tribunal que ordenó su otorgamiento, y si alguna duda hubiera acerca del alcance y extensión de la obligación de fianza, esa duda debe resolverse teniendo en cuenta la intención de la Corte que la exigió, y el estatuto disponiendo la prestación de la fianza, de tal modo que las prescripciones de la ley se entiendan contenidas o vaciadas en el documento de fianza. *Avilés* v. *Hijos de Rafael Toro*, 27 D.P.R. 671.

"Dicha fianza, o sea la últimamente citada, fué prestada para garantizar a Facundo Mundo Matos en el fiel cumplimiento de sus deberes como tutor del referido incapaz, y esto lo sabían los fiadores demandados, quienes ya habían prestado anteriormente y con el mismo objeto, la primera fianza de $4,000 (*Exhibit* C de la demandante) de la cual es ésta una adición o complemento.

"Ya hemos visto por la relación que antecede, que la primera fianza, o sea la prestada por Ermelindo Díaz Cintrón y Castor Carrión, por $500, fué sustituída por otra por la cantidad de $4,000, que prestó The Maryland Casualty Co., y que esta última fué sustituída a su vez por una fianza de $4,000 (demandante *Exhibit* C) prestada por los fiadores demandados, oportunamente aprobada por la Corte, y que más tarde los fiadores prestaron la fianza adicional (demandante *Exhibit* D) por igual cantidad, y también fué aprobada por la Corte. Como las cuentas de la tutela hasta el 30 de junio de 1927, desde cuya fecha empezó a surtir efecto la fianza, demandante *Exhibit* C, fueron aprobadas por la Corte, es claro que no es necesario liquidar obligaciones de fiadores anteriores cuyas fianzas quedaron canceladas y extinguidas desde el momento mismo en que fueron aprobadas las cuentas de la tutela por todo el tiempo en que estuvieron vigentes las mismas. Siendo ello así, no era necesario hacer parte en este pleito a los anteriores fiadores, y por consiguiente, no existe el defecto de partes demandadas alegado por los fiadores demandados.

"Tampoco era obligación de la demandante requerir a los fiadores para investigar la administración del incapaz, pues al notificárseles

de esta demanda dentro de este pleito, han tenido ellos la suficiente oportunidad para determinar si en efecto el tutor por ellos fiado cumplió o no con los deberes de su cargo, cuyo fiel cumplimiento garantizaron los fiadores demandados.

"Si bien algunos demandados alegan que existen bienes de la herencia de Facundo Mundo que podrían aplicarse al pago de su deuda con el incapaz, no se ha probado que existan tales bienes, ni aunque así fuese, tal circunstancia les eximiría de responsabilidad, pues el deber de los herederos y por ende de los fiadores, no queda cumplido con señalar bienes, sino satisfaciendo religiosamente lo que resulte deber el tutor al incapaz, cosa que en este caso no se ha hecho ni en todo ni en parte, no habiéndose probado tampoco que se hayan aplicado bienes del incapaz al mantenimiento de su esposa e hijos."

Hemos examinado el alegato de los apelantes y no nos convence de que la corte cometiera error alguno en su contra.

La conclusión final a que llegó la corte de distrito está sostenida a nuestro juicio por los hechos y la ley y bien razonada en la opinión que para fundarla emitiera.

*En tal virtud debe revocarse la sentencia apelada en cuanto a los demandados Francisco y Bienvenido Mundo y confirmarse en cuanto a Andrés Flores López y Castor Carrión.*

Los Jueces Asociados Sres. Travieso y De Jesús no intervinieron.