La Juez Asociada Señora Naveira de Rodón se inhibió.

Alma Lequerique, demandante y recurrida, *v.* La Sucesión de Enrique Talavera Crespo, compuesta por Alejandro Enrique Talavera Cancel y otros, demandados y recurrentes.

*Número:* RE-90-231 *Resuelto:* 21 de diciembre de 1992

298

*Andrés J. Ramos Cámara*, abogado de Alejandro Enrique Talavera Cancel y Francisco Enrique Talavera Cancel, recurrentes; *Federico Comas Montalvo*, abogado de Víctor Talavera Lequerique, recurrido.

EL JUEZ ASOCIADO SEÑOR FUSTER BERLINGERI emitió la opinión del Tribunal.

Por primera vez tenemos ante nos resolver cuál es el alcance preciso del Art. 967 del Código Civil, 31 L.P.R.A. sec. 2804, cuando se hace una declaración notarial aceptando una herencia a beneficio de inventario pero que no se formaliza el inventario a tiempo.

I

El 11 de junio de 1986 el Sr. Enrique Talavera Crespo disparó e hirió a Alma Lequerique, su ex esposa, cuando salían de una vista relacionada con la liquidación de su

sociedad de bienes gananciales. Acto seguido, el señor Talavera Crespo se suicidó. La señora Lequerique sufrió serios daños físicos y mentales.

El 1ro de diciembre de 1986 la señora Lequerique instó demanda de daños y perjuicios contra la sucesión del señor Talavera Crespo. Como parte de la sucesión demandada incluyó: (a) dos (2) hijos habidos por el causante en un primer matrimonio, Alejandro y Francisco Talavera Cancel; (b) cuatro (4) hijos de la propia demandante y el causante, Víctor Carlos, María Salomé, Carlos Rubén y Gerardo Enrique Talavera Lequerique, y (c) a la Sra. Doris Miranda, quien fue la última esposa del causante y de quien éste se había divorciado el 16 de mayo de 1986.

Víctor C. Talavera Lequerique era el único hijo de la demandante que era mayor de edad al momento de radicarse la demanda. Mediante alegación judicial, el 18 de marzo de 1987 éste notificó a todas las partes que el 26 de junio de 1986 había otorgado la Escritura Núm. 31 ante el Notario Juan J. Ramírez, mediante la cual aceptaba a beneficio de inventario la herencia de su padre.

Luego de varios eventos procesales, el tribunal citó a vista evidenciaria para el 28 de junio de 1989. La parte demandante y varios de los demandados celebraron una conferencia anterior a dicha vista, y en el Informe de Conferencia Anterior a Vista Evidenciaria de 17 de junio de 1989 se planteó que el demandado Víctor Talavera Lequerique, aunque alegaba haber aceptado a beneficio de inventario, no había realizado los trámites ulteriores requeridos por ley, por lo cual debía entenderse que por su inacción había perdido el beneficio de inventario. El 1ro de noviembre de 1989, en el Informe de Conferencia Anterior al Juicio, se volvió a hacer dicho planteamiento. Aunque estos informes fueron notificados al señor Víctor Talavera, éste no contestó ni reaccionó a dicho planteamiento.

El 23 de octubre de 1989, luego de varios trámites interlocutorios, el Tribunal Superior, Sala de Carolina, dictó

una resolución y sentencia parcial exonerando de responsabilidad a la demandada Doris Miranda por no existir vínculo matrimonial entre ésta y el causante, y a los tres (3) hijos menores de edad de la demandante por razón de inmunidad familiar. El tribunal, además, declaró a Alejandro y a Francisco Talavera herederos puros y simples por aceptación tácita. Con relación al Sr. Víctor C. Talavera Lequerique, el tribunal dispuso que no era de aplicación la doctrina de inmunidad familiar y que, por lo tanto, podía ser demandado. Indicó que éste podría responder a la demandante con su patrimonio personal, de no ser suficiente su participación del caudal hereditario. Sin asumir posición al respecto, el foro de instancia también mencionó el hecho de que este demandado alegaba haber aceptado la herencia a beneficio de inventario, en vista de lo cual "parecía no haber controversia real".

El 19 de enero de 1990 el Tribunal Superior dictó sentencia final, declarando responsables solidariamente a Alejandro, a Francisco Talavera Cancel y al codemandado Víctor C. Talavera Lequerique. En cuanto a éste último, el tribunal expresó que, habida cuenta de que éste nunca evidenció su alegación de haber aceptado a beneficio de inventario, el tribunal carecía de criterios para determinar si en la invocación de dicho derecho se había cumplido con la ley y si era efectiva. Además, se le anotó la rebeldía por no haber comparecido nunca al tribunal.

El 2 de febrero de 1990 el Sr. Víctor C. Talavera Lequerique presentó una moción informativa y solicitud de enmienda *nunc pro tunc*, en la cual expuso que nunca recibió notificación alguna sobre la celebración de vistas, y presentó copia de la escritura mediante la cual había aceptado la herencia a beneficio de inventario. Solicitó que se enmendara la sentencia a los efectos de responsabilizarlo conforme con su aceptación de la herencia a beneficio de inventario.

El 21 de febrero de 1990 el tribunal de instancia dictó

una sentencia enmendada en la cual se acogió lo solicitado por el codemandado Víctor C. Talavera Lequerique. Los otros demandados, Alejandro y Francisco Talavera Cancel, entonces solicitaron reconsideración de la sentencia enmendada, alegando, *inter alia*, que el codemandado Talavera Lequerique nunca procuró la formación de inventario, que su inacción constituía una renuncia al derecho de beneficio de inventario y que, por lo tanto, su aceptación de la herencia era pura y simple. El tribunal a quo declaró no ha lugar la reconsideración.

Los codemandados Alejandro y Francisco Talavera Cancel recurrieron ante nos y alegaron que el Tribunal Superior cometió los dos (2) errores siguientes:

> Incidió el Tribunal a quo al determinar que los recurrentes Alejandro E. y Francisco E. de apellidos Talavera Cancel, habían aceptado la herencia de su padre Enrique Talavera Crespo, de forma pura y simplemente por actos tácitos al haber interpretado erróneamente los artículos 953 y 959 del Código Civil (31 LPRA secs. 2781 y 2787).
>
> Incidió el Tribunal a quo al no concluir que el co-demandado Víctor C. Talavera Lequerique había perdido y/o renunciado a su privilegio de beneficio de inventario, toda vez aceptación tácita por su inacción procesal ulterior. Escrito de revisión, pág. 9.

Visto el recurso de revisión de los demandados, le concedimos un término de veinte (20) días a la parte recurrida para que mostrara causa por la cual no debía expedirse el auto y modificarse la sentencia enmendada del Tribunal Superior *a los únicos efectos de revocar la determinación de que el codemandado Víctor C. Talavera Lequerique aceptó la herencia a beneficio de inventario*. El codemandado recurrido ha respondido al requirimiento, pero su comparecencia no nos persuade.

## II

La aceptación de una herencia a beneficio de inventario puede definirse como aquella modalidad de la

aceptación sucesoria autorizada en ley, por virtud de la cual se establece la separación de patrimonios, limitándose la responsabilidad del heredero por las deudas y cargas de la herencia a los bienes que integran el activo de la sucesión. F. Puig Peña, *Compendio de Derecho Civil Español*, 3ra ed. rev., Madrid, Ed. Pirámide, 1976, Vol. V, pág. 642. La aceptación a beneficio de inventario es una opción que tiene el heredero, incluso en contra de la prohibición del testador, pues expresamente se dispone que "[t]odo heredero puede aceptar la herencia a beneficio de inventario, aunque el testador se lo haya prohibido". Art. 964 del Código Civil, 31 L.P.R.A. sec. 2801.

El heredero que interese acogerse al beneficio de inventario deberá hacerlo ante un notario por escrito o ante el Tribunal Superior con competencia. Art. 965 del Código Civil, 31 L.P.R.A. sec. 2802. Sin embargo, para que esta modalidad de la aceptación de la herencia sea eficaz, no basta la declaración del heredero de que la acepta a beneficio de inventario. Es preciso, además, realizar el inventario con las formalidades y en los plazos que exige el Código Civil. M. Peña Bernaldo de Quirós, *La herencia y las deudas del causante*, Madrid, Ed. Inst. Nac. Est. Jur., 1967, págs. 297 y 308. A tales efectos, Peña Bernaldo de Quirós nos señala:

> Si el ser o no heredero a beneficio de inventario dependiera exclusivamente del modo de aceptar, bastaría hacer la declaración solemne de que se acepta a beneficio de inventario para adquirir la calidad de heredero modalizada con tal beneficio. Pero no basta sólo con dicha declaración. Se requiere además hacer el inventario en tiempo y forma .... Peña Bernaldo de Quirós, *op. cit.*, pág. 169.

En efecto, la doctrina española que es pertinente aquí, ya que nuestras disposiciones sobre el particular se originan en el Código Civil español, uniformemente reconoce que para que la aceptación de una herencia a beneficio de inventario surta efecto es indispensable formalizar

el inventario en el tiempo y en la forma que dispone el Código. J.M. Manresa y Navarro, *Comentarios al Código Civil Español*, 7ma ed. rev., Madrid, Ed. Reus, 1955, T. VII, págs. 523–524; J. Puig Brutau, *Fundamentos de Derecho Civil*, 2da ed., Barcelona, Ed. Bosch, 1975, T. V, Vol. I, pág. 274. Como bien señala Guaroa Velázquez, son *dos (2)* las condiciones exigidas para que un heredero pueda aceptar la herencia a beneficio de inventario: (1) la declaración relativa a la dicha aceptación y (2) la redacción de un inventario. Guaroa Velázquez, *Teoría del Derecho Sucesorio Puertorriqueño*, 2da ed., 1968, pág. 65.

El Art. 967 del Código Civil, *supra*, recoge palmariamente este requisito de realizar el inventario a tiempo al disponer que la declaración del heredero que acepta a beneficio de inventario "*no producirá efecto alguno si no va precedida o seguida de un inventario fiel y exacto de todos los bienes de la herencia*, hecho con las formalidades y dentro de los plazos que se expresarán en las secciones siguientes". (Énfasis suplido.)

## III

El recurrido en este caso reclama que no estaba sujeto a una fecha específica para hacer el inventario de los bienes relictos. Alega que su inacción en cuanto a realizar el inventario no tiene consecuencias porque dicho inventario podía hacerse en cualquier momento mientras no hubiese prescrito la acción para reclamar la herencia, invocando los Arts. 969 y 970 del Código Civil, 31 L.P.R.A. secs. 2806 y 2807, en apoyo de su contención. No tiene razón el recurrido. Para comenzar, los artículos citados no van dirigidos primordialmente a fijar plazos para la *realización* del inventario como tal. Su propósito, más bien, es fijar los términos dentro de los cuales debe *solicitarse* el beneficio

de inventario. Los Arts. 968($^1$) y 969($^2$) del Código Civil detallan determinadas circunstancias respecto a las cuales se fijan términos para aceptar a beneficio de inventario. Si esas circunstancias no existen, entonces es que aplica el Art. 970, *supra*,($^3$) que señala que el heredero puede aceptar a beneficio de inventario cuando prefiera "mientras no prescriba la acción para reclamar la herencia". De su tenor literal surge claramente que lo que se regula en estos artículos es propiamente el plazo para *acogerse* al beneficio de inventario, y no el plazo para *practicar* el inventario. Claro está, si el heredero en efecto se acoge al beneficio, entonces el inventario también hay que realizarlo dentro de los plazos señalados. Como indicamos antes, la realización del inventario es cosubstancial con la aceptación de la herencia a beneficio de inventario. Por eso ambos eventos deben llevarse a cabo dentro de los plazos que fija el Código. Se entiende, entonces, así la alusión en el citado Art. 967 a los plazos dentro de los cuales debe realizarse el inventario. El inventario puede preceder la declaración de acogerse al be-

---

($^1$) Art. 968 del Código Civil, 31 L.P.R.A. sec. 2805:

"El heredero que tenga en su poder los bienes de la herencia o parte de ellos y quiera utilizar el beneficio de inventario o el derecho de deliberar, deberá manifestarlo a la sala del Tribunal Superior competente para conocer de la testamentaría o del ab intestato, dentro de los diez días siguientes al en que supiere ser tal heredero, si reside en el lugar donde hubiese fallecido el causante de la herencia. Si residiere fuera, el plazo será de treinta días.

"En uno y otro caso el heredero deberá pedir a la vez la formación del inventario, y la citación a los acreedores y legatarios para que acudan a presenciarlo si les conviniere."

($^2$) Art. 969 del Código Civil, 31 L.P.R.A. sec. 2806:

"Cuando el heredero no tenga en su poder la herencia o parte de ella, ni haya practicado gestión alguna como tal heredero, los plazos expresados en la sección anterior se contarán desde el día siguiente al en que expire el plazo que el Tribunal Superior le hubiese fijado para aceptar o repudiar la herencia, conforme a la sec. 2787 de este título o desde el día en que la hubiese aceptado o hubiera gestionado como heredero."

($^3$) Art. 970 del Código Civil, 31 L.P.R.A. sec. 2807:

"Fuera de los casos a que se refieren las dos anteriores secciones, si no se hubiere presentado ninguna demanda contra el heredero, podrá éste aceptar a beneficio de inventario o con el derecho de deliberar, mientras no prescriba la acción para reclamar la herencia."

neficio pero, de no haber precedido, debe realizarse en los plazos determinados a contar desde la declaración de querer utilizar el beneficio de inventario. Peña Bernaldo de Quirós, *op. cit.*, pág. 301.

En este caso, el recurrente, conforme a sus propias alegaciones, no estaba sujeto a ninguno de los términos fijos antes referidos para *declarar* que aceptaba la herencia a beneficio de inventario.([4]) No tenía que aceptarla así, o de ningún otro modo. Pero optó por declarar que la aceptaba a beneficio de inventario y, habiéndola así aceptado, estaba obligado a realizar el inventario expeditamente. El propio Art. 969 del Código Civil, *supra*, invocado por el recurrido intima el plazo que tenía éste para realizar el inventario una vez declaró que aceptaba la herencia de tal modo. Ese artículo señala que si el heredero se encuentra en la circunstancia allí dispuesta, los plazos fijados en el Art. 969, *supra*, para manifestar la intención de utilizar el beneficio de inventario y pedir la formación del mismo "se contarán ... desde el día en que ... *hubiese aceptado [la herencia] o hubiera gestionado como heredero*". (Énfasis suplido.)

El Art. 969 del Código Civil, *supra*, hace referencia a una *aceptación general.* No se distingue en dicho artículo entre la aceptación por interpelación judicial y la aceptación motu proprio. Tampoco se distingue entre la aceptación ante un tribunal competente o ante notario. Lacruz Berdejo sostiene el criterio de que los términos de este artículo deben ser aplicables *a cualquiera que ' acepta una herencia.* J.L. Lacruz Berdejo y F.A. Sancho Rebullida, *Elementos de Derecho Civil: Derecho de Sucesiones*, Barcelona,

---

([4]) En el presente recurso se demandó al recurrido en concepto de heredero, y el Art. 970 del Código Civil, *supra*, fija consecuencias a la presentación de demanda en concepto de heredero. Sin embargo, tal disposición no es pertinente aquí ya que presupone que se dicte sentencia que declare heredero al demandado y entonces los términos prescritos por el citado Art. 968 comenzarían a regir una vez dicha sentencia fuese firme y final, lo que evidentemente no aplicaría a este caso. Véase Q.M. Scaevola, *Código Civil Comentado*, 5ta ed., Madrid, Ed. Reus, 1944, T. XVII, pág. 603.

Librería Bosch, 1971, T. I, pág. 133. La razón de ser de esta norma es que "si al que acepta por ser interpelado, aunque no haya tenido relación alguna con el caudal relicto, se le conceden pocos días para solicitar el beneficio de inventario, no hay razón para que el mero aceptante haya de tener trato tan distinto". Ibid, pág. 132. Lo normal es no distinguir los diversos orígenes de la aceptación e interpretar que el Código ha sometido a todos los herederos al mismo régimen para solicitar el beneficio de inventario. Ibid.

 La norma del Art. 969, *supra*, es que desde el día en que se hubiese aceptado la herencia, inste o no inste un acreedor en juicio, o desde el día en que el sucesor hubiese gestionado como heredero, se cuentan los plazos marcados en el Art. 968, *supra*, para poder utilizar el beneficio del inventario. *Y si el heredero manifestó que aceptaba a beneficio de inventario, este inventario ha de pedirse también en los mismos plazos.* Pasados los plazos se pierde el beneficio. Manresa y Navarro, *op. cit.*, págs. 539–540. En vista de lo anterior, y ante la clara disposición del Art. 969, *supra*, el aquí *recurrido* contaba con diez (10) o treinta (30) días, dependiendo del lugar donde éste se encontrara, a partir del día de su aceptación, para solicitarle al tribunal la formación del inventario y la citación de los acreedores, cosa que no hizo.

## IV

Los señalamientos anteriores, sin embargo, no son suficientes para disponer de este caso. Quedan por resolver aún cuáles son las consecuencias concretas que proceden por no haber cumplido el recurrido con el requisito de realizar el inventario. ¿Tienen razón los recurrentes en cuanto a que al recurrido hay que considerarlo como un heredero puro y simple, o sencillamente se tiene al heredero como si no hubiera decidido aún respecto a la herencia? ¿Cuál es el

alcance preciso del Art. 967 de nuestro Código Civil, *supra*, cuando dispone que la declaración del heredero que acepta a beneficio de inventario pero no realiza el inventario *"no producirá efecto alguno"*?

Como se trata de un asunto novel en nuestra jurisdicción, debemos examinar otra vez la doctrina española sobre el particular. Manresa plantea el asunto en términos claros y precisos; señala que es una de las cuestiones principales que se suscitan en torno al tema del beneficio de inventario:

> ...Si a la declaración de aceptarse la herencia a beneficio de inventario no procede o sigue el inventario ... ¿cuál es la situación de ese heredero? ¿Se le impone la cualidad de heredero puro y simple, o queda en libertad de aceptar o repudiar la sucesión? Manresa y Navarro, *op. cit.*, pág. 524.

Manresa señala que hay dos (2) posibles interpretaciones al mandato del Art. 1.013 del Código Civil español (equivalente al Art. 967 nuestro, *supra*). La primera sería decidir que la declaración de aceptar a beneficio de inventario se tiene por no hecha y, por lo tanto, el heredero está en la misma posición que antes de hacer tal declaración. Esta primera interpretación es la que acepta el propio Manresa, aunque reconoce que la misma no armoniza o es incompatible con el Art. 997 del Código Civil español, equivalente al Art. 951 nuestro, 31 L.P.R.A. sec. 2779.[5] La segunda interpretación posible señalada por Manresa y Navarro, *op. cit.*, págs. 525–526, reconoce dos (2) elementos distintos y divisibles en la declaración de aceptar a beneficio de inventario; estos son: la voluntad de aceptar y el deseo de disfrutar del beneficio del inventario. El primer elemento, la aceptación, se entiende irrevocable según lo

---

[5] Art. 951 del Código Civil, 31 L.P.R.A. sec. 2779:
"La aceptación y la repudiación de la herencia, una vez hechas, son irrevocables, y no podrán ser impugnadas sino cuando adoleciesen de algunos de los vicios que anulan el consentimiento, o apareciese un testamento desconocido."

dispone el Art. 951 del Código Civil nuestro, *supra*. El segundo elemento es el que no producirá efecto alguno a menos que le preceda o le siga el inventario fiel y exacto de que habla la ley. Sobre este asunto el tratadista Lacruz Berdejo señala que, conforme al Art. 1.013 del Código Civil español (Art. 967 nuestro, *supra*), "no se consolida la limitación de responsabilidad cuando, *culpablemente*, se infringe este precepto". Lacruz Berdejo, *op. cit.*, pág. 130. Peña Bernaldo de Quirós abunda un poco más en esa misma interpretación. Refiriéndose al Art. 1.013 del Código Civil español, equivalente al Art. 967 nuestro, *supra*, nos dice:

> Contra lo que aparece del tenor literal del artículo 1.013, C.c., *no es cierto* que la aceptación a beneficio de inventario *no produzca ningún efecto* si se omite el inventario. De entenderlo así quedaría al arbitrio del heredero el dejar de ser heredero contra el principio de irrevocabilidad de la aceptación. Lo que dice el artículo 1.013, interpretado en armonía con el art. 1.018,(6) es que *no basta*, para evitar la responsabilidad *ultra vires, la declaración de acogerse al beneficio de inventario, sino que se requiere cumplir con el inventario. Con el inventario y con una serie de garantías fundamentales de la liquidación del patrimonio hereditario, pues de incumplirse cualguiera de ellas, sobrevendría la responsabilidad ultra vires.* (Énfasis suplido y escolio y citas omitidas.) Peña Bernaldo de Quirós, *op. cit.*, págs. 169–170.

La adopción de una de estas dos (2) interpretaciones nos obliga a profundizar en cuanto a lo que ya hemos intimado de que la aceptación a beneficio de inventario debe considerarse como una forma de aceptar la herencia.

Lacruz Berdejo cita con aprobación a Vocino y nos dice:

> Vocino descompone la llamada "aceptación a beneficio de inventario" en dos negocios distintos y autónomos, con fines y funciones diversos: uno, el de adquisición de la herencia, otro el que modifica la situación jurídica normal que subsigue a la

---

(6) El Art. 1.018 del Código Civil español es equivalente al Art. 972 de nuestro Código Civil, 31 L.P.R.A. sec. 2809. Se discute más adelante en el texto de la opinión.

aceptación, determinando un efecto que puede desaparecer ulteriormente sin incidir sobre el primero. Lacruz Berdejo, *op. cit.*, pág. 129.

Por su parte, Puig Peña nos señala que la aceptación a beneficio de inventario es ante todo una aceptación de la herencia. Además nos dice:

> No sucede lo que con el derecho de deliberar, en el que sólo se establece en favor del heredero la facultad de proceder al formal examen del aspecto económico de la herencia para, a su vista, decidirse por la aceptación o la renuncia. Por consiguiente, *con esta aceptación desaparece la situación de herencia yacente y el aceptante adquiere la verdadera cualidad de heredero, sin otra distinción, con respecto al que acepta pura y simplemente, que su responsabilidad queda limitada exclusivamente a lo que constituye el activo económico de la herencia.* (Énfasis en el original suprimido, énfasis suplido y escolio omitido.) Puig Peña, *op. cit.*, pág. 642.

En cuanto a la posibilidad de que sea una aceptación condicionada, nos señala:

> La aceptación a beneficio de inventario, aunque se contrapone en la terminología legal a la aceptación pura y simple de la herencia, no por ello deja también de ser pura, en el sentido de *no entrañar condición suspensiva ni resolutoria*; tampoco entraña plazo, ni aun siquiera un modo referible al negocio en sí. Se comporta, por ende, como un acto legítimo puro, con la sola característica fundamental de la limitación *intra vires*. (Énfasis suplido y en el original.) Puig Peña, *op. cit.*, pág. 642 esc. 6.

Albaladejo nos señala que aunque se hable de "aceptación a beneficio de inventario" no se trata en realidad de una clase particular de aceptación si no de que, "con independencia de la aceptación, se pide, *a la vez* o después que se acepta, el beneficio de que por razón de la herencia solo se responda con el haber que ella proporciona". (Énfasis suplido.) M. Albaladejo, *Curso de Derecho Civil*, Barcelona, Ed. Bosch, 1982, T. V, pág. 101.

El tratadista Sánchez Román opina que la aceptación a beneficio de inventario es una *subdivisión* de la aceptación

y, por ende, parte de ella. F. Sánchez Román, *Estudios de Derecho Civil*, 2da ed., Madrid, Impresores de la Real Casa, 1910, T. 6, Vol. III, pág. 1752. Por otro lado, y ya discutiendo las instancias en que la aceptación se considera hecha pura y simplemente, nos dice:

> Se reputa hecha la *aceptación de la herencia pura y simplemente*, no sólo cuando es *expresa ó tácita*, conforme las definen los párs. 2.° y 3.° del art. 999, sino que se considera hecha en esta forma y con el carácter de *tácita*, según se dice también en otro lugar, al explicar los artículos correspondientes: 1.° *si al pedir la declaración del beneficio de inventario, ó después de formulada, no precede ó sigue uno fiel y exacto de todos los bienes de la sucesión, y esto tiene lugar por culpa ó negligencia del heredero y no por otra causa que no le fuera imputable* (art. 1.013); 2.°, si el inventario no se hace con la debida citación de acreedores y legatarios .... (Énfasis suplido y en el original.) Sánchez Román, *op. cit.*, pág. 1814.

El tratadista Peña Bernaldo de Quirós, *op. cit.*, pág. 284, también entiende que "cuando se consiente la aceptación a beneficio de inventario, se consiente, en primer lugar, una aceptación pura y [simple]; una aceptación irrevocable ...". Con relación a la posibilidad de considerar "la aceptación a beneficio de inventario" como una aceptación condicionada, Peña Bernaldo de Quirós, *op. cit.*, pág. 171, señala:

> [E]n rigor no hay una doble categoría de aceptaciones, sino un solo tipo de aceptación, siempre pura. La aceptación implica el asentimiento total e incondicionado a la sucesión universal por la persona llamada a la misma. No cabe aceptar ser sucesor modalizadamente: se debe siempre recibir la herencia "llanamente", "puramente y sin ninguna condición" .... En nuestro Derecho no cabe la aceptación —ni, por tanto, la sucesión— condicionada ....

Puig Brutau comparte la opinión de Peña Bernaldo de Quirós y, a tales efectos, señala que la aceptación *siempre* es pura "porque solo puede significar el asentimiento total e incondicionado de la persona llamada a la sucesión

universal. No cabe la aceptación condicionada, según resulta del art. [945 del Código Civil]". Puig Brutau, *op. cit.*, pág. 269.

Como se puede observar, existe consenso entre la mayoría de los tratadistas en cuanto a que la manifestación de "aceptar a beneficio de inventario" entraña un primer elemento de aceptación. Estamos conformes con esa interpretación, que es la que ahora adopta este Tribunal.

El criterio *rector* que nos lleva a adoptar la aludida doctrina española es que la misma se ajusta a nuestro derecho vigente, a la vez que es la solución más indicada y conveniente para nuestra realidad económica, social y cultural. *Pereira v. I.B.E.C.*, 95 D.P.R. 28, 83 (1967). Adoptar otra interpretación tendría el efecto real de dejar en manos del que optó por ser heredero la alternativa de dejar de serlo, en contra del principio de irrevocabilidad del Art. 951 del Código Civil, *supra.* Además de ello, premiaría la desidia del heredero que por conveniencia o negligencia no cumpla con los preceptos legales, en detrimento de otras personas que también pueden tener un interés legítimo en la sucesión, como serían los acreedores y los legatarios. Más aún, si interpretásemos que la declaración de aceptar a beneficio de inventario no entraña un elemento inherente de aceptación, tendríamos que resolver que el heredero que ha hecho tal declaración conserva el derecho de renunciar a su herencia, aún luego de hacer el inventario, por lo que el derecho a deliberar, que nuestro Código Civil también establece, no tendría eficacia alguna. El beneficio de inventario y el derecho a deliberar son dos opciones distintas, que se diferencian precisamente en que en el primero se acepta para formar inventario y, en el segundo, se forma inventario para luego aceptar. Q.M. Scaevola, *Código Civil Comentado*, 5ta ed., Madrid, Ed. Reus, 1944, T. XVII, pág. 605. Si interpretamos que la aceptación a beneficio de inventario no apareja una acep-

tación irrevocable, en efecto anularíamos esta histórica distinción sobre dos (2) opciones que nuestro Código ordena.

Finalmente, hemos tenido muy en cuenta la estrecha relación que guarda este asunto con lo dispuesto en el Art. 972 del Código Civil, el cual dispone:

> Si por culpa o negligencia del heredero no se principiare o no se concluyere el inventario en los plazos y con las solemnidades prescritas en las secciones anteriores, se entenderá que se acepta la herencia pura y simplemente. 31 L.P.R.A. sec. 2809.

Este artículo en gran medida dispone de por sí del asunto que hemos estado analizando. Sus claros términos imponen como sanción la aceptación pura y simple de la herencia si el heredero que declaró su intención de aceptar a beneficio de inventario luego no realiza el inventario. Si bien es cierto que el artículo requiere que el incumplimiento haya sido por culpa o negligencia del heredero, la doctrina invariablemente ha interpretado este requisito para significar sencillamente que el inventario no se ha realizado por razones que sólo son imputables al propio heredero. Si éste no ha podido hacer el inventario porque los bienes de la herencia no se hallaban en su poder ni a su disposición, entonces no les es imputable la omisión y no aplica el citado Art. 972.[7] Pero si no hay causa justa o legítima que le impidiese realizar el inventario, si la omisión resulta de la mera inacción del heredero, entonces entra en vigor el mandato del citado Art. 972. Scaevola, *op. cit.*, págs. 629–631; M. Albaladejo, *Comentarios al Código Civil y compilaciones forales*, Madrid, Ed. Rev. Der. Privado, 1989, T. XIV, Vol. 1, págs. 367–370; Manresa, *op. cit.*,

---

[7] A manera de ilustración, véase el Art. 567 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 2372, que impone al administrador judicial de los bienes el deber de tomar posesión inmediata de los mismos; así como el subsiguiente Art. 568 de dicho código, 32 L.P.R.A. sec. 2401, que impone al administrador o albacea la obligación de "formar el inventario de los bienes muebles e inmuebles del finado" dentro de los diez (10) días de su nombramiento.

pág. 548; Lacruz Berdejo, *op. cit.*, pág. 136; Sánchez Román, *op. cit.*, pág. 1814. Por la estrecha conexión existente entre el Art. 972 y el Art. 967, *supra*, deben ser interpretados *contextualmente*, de forma armoniosa, y así lo hemos hecho.

Por lo tanto, conforme con el Art. 967 del Código Civil, *supra*, resolvemos que si un heredero no realiza inventario a tiempo luego de declarar que acepta a beneficio de inventario, tal declaración no producirá el efecto de limitar su responsabilidad a los bienes de la herencia sino, más bien, se le tendrá como que acepta pura y simplemente.

## V

Para concluir, debemos preguntarnos si el hecho de que el recurrido en este caso hubiese declarado que aceptaba la herencia a beneficio de inventario *ante notario* altera, de algún modo, los pronunciamientos normativos que hemos formulado antes.[8] El entramado de los artículos del Código Civil sobre la aceptación a beneficio de inventario persigue lograr el propósito de que el inventario se levante dentro de un plazo breve. Así pues, según lo dispuesto en el segundo párrafo del Art. 968 del Código Civil, 31 L.P.R.A. sec. 2805, cuando la declaración de aceptar a beneficio de inventario se hace ante un juez, se debe solicitar en ese mismo instante la formación del inventario y la citación a los acreedores y legatarios, de modo que "de una vez, en un solo escrito, ha de constar aquella manifestación y estas peticiones". Manresa, *op. cit.*, pág. 536. ¿Qué sucede cuando la manifestación se hace ante un notario? *¿Queda el heredero interesado en aceptar a beneficio de in-*

[8] Según ya se ha señalado, la declaración de la intención de acogerse al beneficio de inventario puede hacerse notarial o judicialmente, y hecha notarialmente no es necesario reiterarla judicialmente. Art. 965 del Código Civil, 31 L.P.R.A. sec. 2802.

*ventario relevado de las disposiciones del Código Civil sobre la realización del inventario y la citación de acreedores y legatarios por el mero hecho de que la declaración de su intención se hace ante notario?*

La doctrina más antigua tiende a descartar la forma notarial de aceptar la herencia a beneficio de inventario, pero esa no ha sido la posición de este Tribunal. Scaevola, *op. cit.*, pág. 580 y ss.; Manresa, *op. cit.*, pág. 527. En *Penne González, y de la Guerra, Opositor,* 46 D.P.R. 264 (1934), los herederos en cuestión no estaban sujetos por sus circunstancias a un término legal para aceptar la herencia. No obstante, hicieron su manifestación de aceptar a beneficio de inventario ante un notario y, al día siguiente, acudieron al Tribunal para que éste aprobara un *inventario extrajudicial,* que ya habían preparado, y para que se citara a los legatarios y acreedores del caudal hereditario para aprobar el mismo. Uno de los acreedores impugnó dicho proceder y solicitó que se declarara nula la aceptación y el inventario porque no se habían cumplido con los términos y con las formalidades fijadas por el Código Civil.

Como en dicho caso los herederos habían acudido al tribunal al día siguiente de haber hecho la declaración notarial de aceptar a beneficio de inventario, lo que estaba en controversia era si procedía o no un inventario extrajudicial. Este Tribunal, *interpretando el Art. 967 del Código Civil, supra,* y con independencia del origen de la declaración de aceptación, determinó que el inventario extrajudicial era válido. Este Tribunal, al discutir la procedencia o validez de un inventario extrajudicial, dispuso lo siguiente:

> Es verdad que lo más fácil y lo más seguro es recurrir desde un principio a la autoridad judicial manifestando que se acepta la herencia a beneficio de inventario y pidiendo a la vez la formación del inventario con citación de herederos, acreedores y legatarios en su caso, pero si el legislador dispuso que la aceptación puede hacerse también ante notario y que el inventario

puede preceder a la aceptación, debe interpretarse la ley de modo tal que dé vida a todos sus preceptos. De ahí que consideremos que un inventario extrajudicial debidamente practicado sea suficiente, siempre que se acuda, como se acudió en este caso, a la autoridad judicial competente pidiéndole que ordene que el inventario quede de manifiesto en secretaría y se cite a todos los interesados para que tengan la oportunidad de examinarlo y hacer, como hizo aquí el opositor, las observaciones que estimaren procedentes. *Penne González, y de la Guerra, Opositar*, supra, pág. 272.

■ Este pronunciamiento tiene el efecto de reconocer la validez de un inventario extrajudicial al igual que la validez de una declaración ante un notario. Nótese, sin embargo, que allí reconocimos que el heredero conserva siempre la obligación de recurrir al tribunal a presentar tal inventario y para pedir la citación de los acreedores y legatarios dentro de los términos prescritos por el Código Civil, tal como lo hicieron los herederos en dicho caso.

En *Betancourt v. Mundo, Albacea, Etc.*, 55 D.P.R. 241 (1939), también reconocimos la validez de una declaración ante un notario. En ese caso se alegaba que los herederos habían hecho su declaración fuera del término prescrito por el Código Civil por estar en posesión de bienes del caudal. Aplicando el Código resolvimos que la declaración había sido hecha en tiempo, por entender que los herederos no poseían bienes del caudal. *En dicho caso no estaba en controversia, y nada se dijo, en cuanto al término en que se tenía que realizar el inventario.*

■ Como puede observarse, pues, hemos reconocido ya la modalidad notarial de la aceptación a beneficio de inventario, *pero lo hemos hecho sujetándola como es propio a las disposiciones generales del Código Civil respecto a la aceptación a beneficio de inventario.* Respecto a los términos y a las formalidades que fija el Código, no hemos hecho distinción alguna entre la modalidad judicial y la notarial, sujetándolas esencialmente al mismo rigor, como debe ser cuando se trata meramente de dos (2) formas de

una sola figura jurídica. Como bien señala Peña Bernaldo de Quirós, *op. cit.*, pág. 301, una vez se hace la declaración de la intención de aceptar a beneficio de inventario, sea esa declaración judicial o notarial, la misma desencadena para ambas los plazos para el cumplimiento de los trámites.

Cabe destacar aquí lo señalado por Espín, "[e]n general, no se limita por ningún plazo especial el tiempo durante el cual cabe llevar a cabo la aceptación con el beneficio de inventario, rigiéndose por tanto por el mismo plazo de la aceptación pura y simple, es decir, por el de duración de la acción de petición de herencia (*cf.* art. 1.016). Pero si el heredero, conocedor de su condición, se encuentra en posesión de la herencia, o parte de ella, o a instancia de parte interesada el Juez le señala un plazo para aceptar o repudiar *o ha llegado a aceptar la herencia, en todos estos supuestos, la ley le concede un plazo relativamente breve* para llevar a efecto su manifestación de querer acogerse al beneficio de inventario y su subsiguiente limitación de responsabilidad". (Énfasis suplido.) D. Espín, *Manual de Derecho Civil Español*, 3ra ed., Madrid, Ed. Rev. Der. Privado, 1974, Vol. V, pág. 89. La aceptación ante notario en nada cambia esta realidad fundamental, que es la sustancia misma de la figura jurídica de aceptación a beneficio de inventario, como señaláramos antes. Por eso es que el Art. 967 del Código Civil, *supra*, al requerir taxativamente la realización del inventario dentro de los términos y con las formalidades que fija el Código, como condición para que la aceptación a beneficio de inventario sea efectiva, *no distingue entre la aceptación ante notario y la judicial*, sino que más bien incluye expresamente a ambas al hacer extensivo su mandato a las declaraciones referidas en "las secciones anteriores", una de las cuales —el citado Art. 965— reconoce las *dos (2)* modalidades de la aceptación a beneficio de inventario.

El legislador exigió que la aceptación a benefi-

cio de inventario fuera expresa y expedita para proteger el interés de los acreedores y los legatarios, a quienes le importa conocer esa determinación del heredero. Su importancia estriba en que estos acreedores verán su crédito limitado a los bienes del difunto, por lo que tienen derecho a exigir que la declaración sea indudable y que prontamente los bienes se determinen con toda exactitud para así evitar que el heredero pueda distraerlos o darles distinta aplicación a la que legalmente corresponde. El propósito de la formación del inventario es precisamente delimitar o señalar cuáles son los bienes que se adquieren por la condición de heredero para fines de responsabilidad. A mayor tiempo de inacción, mayor peligro de que desaparezca o se confunda algún objeto de la herencia. El riesgo a los fundamentales intereses de los acreedores y legatarios *es el mismo, independientemente de si la aceptación a beneficio de inventario se hace judicial o notarialmente.* El *modo* de hacer la declaración en nada altera el riesgo. Por eso, no encontramos razón alguna para suponer que los plazos aplicables cuando se acepta a beneficio de inventario judicialmente deban ser distintos cuando tal aceptación se hace ante notario. El Código Civil tampoco distingue y los tratadistas españoles que opinan que el heredero que acepta ante notario no tiene término para hacer el inventario son precisamente *aquellos que opinan que la declaración ante notario no produce efecto y que tal declaración sólo debe ser hecha ante el juez competente.* Véanse: Albaladejo, *Comentarios al Código Civil y compilaciones forales*, *op. cit.*, págs. 328–329; Scaevola, *op. cit.*, pág. 580 y ss.; Manresa, *op. cit.*, págs. 527 y 548. Este Tribunal, al reconocer igual validez, tanto a la declaración notarial como a la judicial, no encuentra razón de peso o de política pública alguna para distinguir y otorgar un privilegio tan grande a un heredero, y a la vez poner en riesgo los intereses de los acreedores y legatarios, sólo porque la declaración se hizo ante un notario. Sería un claro sinsentido configurar minu-

ciosamente, por un lado, todo un entramado jurídico para la aceptación de la herencia a beneficio de inventario, como lo hace el Código Civil, para entonces anularlo y dejarlo sin efecto, dejando desprovistos a los acreedores y legatarios por el solo hecho de que la declaración de la intención de acogerse a dicho beneficio se hace ante un notario. En otras palabras, no tendría ningún sentido jurídico reglamentar tan detalladamente lo referente a la aceptación a beneficio de inventario —como lo hace el Código— si a la vez se puede dar al traste con todos los términos y las formalidades allí fijadas con meramente aceptar ante un notario. No sólo ello es contrario a lo que expresamente dice el Código, y a lo que claramente reseña la doctrina, sino que sería suponer sin lógica alguna que lo que manda en términos tan taxativos el propio Código no es más que una inconsecuencia que puede obviar el heredero dependiendo de si acude ante un juez o ante un notario. Si la aceptación ante un notario conllevase el privilegio de obviar la aludida reglamentación del Código Civil, entonces nadie tendría interés en aceptar a beneficio de inventario *judicialmente*. La aceptación judicial se convertiría en una modalidad inútil y llegaríamos así a la absurda consecuencia de que se ignoraría la modalidad que el Código y la doctrina configuran medularmente, pero prevalecería la modalidad que gran parte de la doctrina rechaza y que aparece en el Código sólo incidentalmente.

En el presente recurso, el recurrido expresó mediante escritura su voluntad de aceptar a beneficio de inventario. Sin embargo, del expediente no surge evidencia alguna de que en ese momento el recurrido haya solicitado la formación de un inventario judicial o extrajudicialmente, o que haya solicitado las citaciones correspondientes. Tampoco hay evidencia de que dichas gestiones se hayan hecho con anterioridad a la aceptación, según lo permite el ordenamiento. Más aún, hoy, varios años más tarde, el recurrido todavía no ha solicitado o realizado la formación

del inventario. En varios informes relativos al pleito, los recurrentes señalaron el incumplimiento del recurrido y, a pesar de ello, éste se cruzó de brazos y no hizo nada. Estos hechos denotan negligencia o incumplimiento, sin justa causa del recurrido, de los requisitos legales para limitar su responsabilidad, por lo que la aceptación debe entenderse hecha pura y simplemente. Véase Albaladejo, *Comentarios al Código Civil y compilaciones forales, op. cit.*, págs. 367–369.

Por todo lo expuesto, *se expide el auto y se dicta sentencia que modifica la sentencia enmendada dictada por el tribunal de instancia, a los solos efectos de revocar la determinación de que el codemandado Víctor C. Talavera Lequerique aceptó la herencia a beneficio de inventario.*

El Juez Asociado Señor Hernández Denton disintió mediante opinión escrita, a la cual se unieron el Juez Asociado Señor Rebollo López y la Juez Asociada Señora Naveira de Rodón.

— O —

Opinión disidente emitida por el Juez Asociado Señor Hernández Denton, a la cual se une el Juez Asociado Señor Rebollo López y la Juez Asociada Señora Naveira de Rodón.

Por entender que la aceptación a beneficio de inventario ante notario, por sí sola, no pone en marcha los términos estatutarios para procurar la formación de inventario, y por entender que la pérdida del beneficio de inventario como sanción por haber incumplido dichos términos debe aplicarse sólo cuando el incumplimiento ha sido culposo, disentimos.

# I

En Puerto Rico, un heredero puede aceptar la herencia a beneficio de inventario, manifestándolo así ante el Tribunal Superior o ante un notario. Art. 965 del Código Civil, 31 L.P.R.A. sec. 2802. Cuando el heredero está en posesión de la herencia, el tribunal le ha fijado un plazo para que acepte, ha aceptado o ha gestionado como heredero, la manifestación ha de hacerse ante el tribunal, solicitando simultáneamente la formación de inventario y la citación de acreedores y legatarios. Arts. 968 y 969 del Código Civil, 31 L.P.R.A. secs. 2805 y 2806. Para ello tiene un término de diez (10) o treinta (30) días, dependiendo de si reside o no en el lugar en que murió el causante. Cuando el heredero está en posesión de la herencia, el término comienza a correr desde la muerte del causante. De otro modo, comienza a correr desde que vence el término que el tribunal le haya dado para manifestar su voluntad de aceptar o repudiar la herencia, desde que acepta, o desde que gestiona como heredero. Art. 969 del Código Civil, *supra*. En todo otro caso, el término para aceptar a beneficio de inventario será igual al término para ejercer la acción de petición de herencia, a saber, treinta (30) años. Art. 970 del Código Civil, 31 L.P.R.A. sec. 2807.

En el pasado, este Tribunal ha intimado que la aceptación a beneficio de inventario ante un notario, por sí sola, no pone en marcha los términos de los Arts. 968 y 969, *supra. Penne González, y de la Guerra, Opositor,* 46 D.P.R. 264, 272–273 (1934); *Betancourt v. Mundo, Albacea, Etc.,* 55 D.P.R. 241, 246–247 (1939). En ambas decisiones el Tribunal determinó que no se habían incumplido dichos términos ya que los herederos, a pesar de que habían aceptado la herencia a beneficio de inventario mediante escritura pública ante un notario, no estaban en posesión de la herencia, no habían sido demandados ni interpelados

judicialmente para que aceptaran, ni habían gestionado como herederos. Es decir, este Honorable Tribunal no entendió que la aceptación a beneficio de inventario ante un notario estuviese incluida bajo el término "aceptación" según utilizado en el citado Art. 969 del Código Civil como punto de partida para el cómputo de los términos.

En efecto, parte de la doctrina entiende que los términos de dichos artículos no aplican cuando la aceptación a beneficio de inventario se hace ante un notario. El heredero que no se halla dentro de los supuestos previstos en los citados Arts. 968 y 969, no tiene que acudir ante el tribunal para manifestar que acepta la herencia a beneficio de inventario. Es decir, aquel que no está en posesión de la herencia ni ha gestionado como heredero, ni el tribunal le ha fijado plazo para aceptar, ni ha aceptado al cabo de dicho plazo, tiene el plazo de treinta (30) años que dispone el Art. 970, *supra*, para aceptar a beneficio de inventario. En consecuencia, puede formalizar dicha aceptación ante un notario sin tener que simultáneamente proceder a la formación de inventario y citación de acreedores y legatarios. Explica Lacruz Berdejo:

> Al lado de la declaración judicial existe también la notarial. Al parecer, no se vicula a ella la petición de formación de inventario y citación de acreedores y legatarios, pudiendo retrasarse tales trámites, ya que, si la ley dicta plazos para efectuarlos una vez que se han solicitado, en cambio nada dice del tiempo que puede transcurrir antes. J.L. Lacruz Berdejo, *Derecho de Sucesiones*, Barcelona, Ed. Labor, 1961, T.I, pág. 299.

Igualmente, opina Scaevola:

> La declaración notarial ahorra este inconveniente; la aceptación a beneficio de inventario queda hecha, pero no hay necesidad ninguna de proceder inmediatamente a la formación del inventario, y de correr el riesgo que en determinadas circunstancias puede presentar el art. 1.018, según el cual, si por culpa o negligencia del heredero no se empezare o acabare el inventario en los plazos señalados, la aceptación se considerará pura

y simple. Q.M. Scaevola, *Código Civil Comentado*, 5ta ed., Madrid, Ed. Reus, 1944, T. XVII, pág. 581. Ver, además, M. Albaladejo, *Comentarios al Código Civil y compilaciones forales*, Madrid, Ed. Rev. Der. Privado, 1989, T. XIV, Vol. 1, pág. 329.

No obstante, hay quien entiende que los citados términos deben correr cuando se acepta a beneficio de inventario ante un notario. Dos (2) fundamentos sostienen esta visión. Primero, el Art. 969, *supra*, no se limita a la aceptación que se hace al ser interpelado judicialmente, sino que se refiere a todo tipo de aceptación, incluyendo la beneficiaria. J. Puig Brutau, *Fundamentos de Derecho Civil*, 2da ed., Barcelona, Ed. Bosch, 1975, T. V, Vol. I, pág. 273. Segundo, los términos del citado Art. 969 deben aplicar a la aceptación ante un notario para evitar que los mismos se vuelvan inútiles. J.L. Lacruz Berdejo y F.A. Sancho Rebullida, *Elementos de Derecho Civil: Derecho de Sucesiones*, Barcelona, Librería Bosch, 1981, T. V, pág. 93.

Entendemos, sin embargo, que la vertiente doctrinaria que mejor se ajusta a nuestro ordenamiento actual es aquella que sostiene la inaplicabilidad de los términos en cuestión a la aceptación beneficiaria ante un notario. En *Penne González, y de la Guerra, Opositor*, supra, adoptamos una posición de avanzada al reconocer que el inventario puede realizarse extrajudicialmente. Permitimos que éste se llevara a cabo *antes o después de formalizar la aceptación a beneficio de inventario*, con la sola condición de que fuera fiel y exacto. Sólo requerimos acudir al tribunal, una vez terminado el inventario, para que éste quedara de manifiesto y se citara a los interesados para que pudieran examinarlo y hacer las observaciones que estimaran procedentes. De este modo, invitamos a los herederos a prescindir de la intervención judicial en la formalización de la aceptación a beneficio de inventario y la formación del inventario correspondiente. *Penne González, y de la Guerra, Opositor*, supra, págs. 272–273. Pretendimos, así, darle vida a una de las formas que provee el Código Civil

para aceptar a beneficio de inventario, a saber, la manifestación ante un notario. No sujetamos, entonces, la formación del inventario a los términos estatutarios. Sería contradictorio ahora sujetar a plazos rígidos la formación del inventario cuando sigue a la aceptación beneficiaria ante notario, mientras que cuando la antecede no está sujeta a plazo alguno.

Si realmente deseamos darle vida y coherencia a la aceptación beneficiaria y formación de inventario extrajudiciales, no debemos imponerle más trabas a los herederos que la fidelidad del inventario:

> ... [S]i el legislador dispuso que la aceptación puede hacerse también ante notario y que el *inventario puede preceder a la aceptación*, debe interpretarse la ley de modo que dé vida a todos sus preceptos. ...
>
> Lo esencial es que la *voluntad* del heredero en lo que respecta a la aceptación de la herencia a beneficio de inventario se consigne dentro del plazo de ley de modo solemne y que el inventario que la preceda o la siga sea fiel, exacto y completo. (Énfasis suplido.) *Penne González, y de la Guerra, Opositor*, supra, pág. 272.

Siguiendo esta corriente de avanzada, los términos de los Arts. 968 y 969 de nuestro Código Civil, *supra*, huelgan cuando la aceptación a beneficio de inventario se ha hecho en tiempo ante un notario. Es decir, fuera de los casos considerados en los citados artículos, el heredero puede expresar su voluntad de aceptar a beneficio de inventario extrajudicialmente ante un notario dentro del término de treinta (30) años para reclamar la herencia. J.M. Manresa y Navarro, *Código Civil Español*, 7ma ed. rev., Madrid, Ed. Reus, 1955, T. VII, pág. 548. Una vez expresada dicha voluntad, las formalidades necesarias para perfeccionar ese derecho no están sujetas a término alguno. Luego, o aun antes de dicha manifestación, puede practicarse el inventario extrajudicialmente con independencia de los términos estatutarios para citar acreedores y legatarios, y de los términos para comenzar o concluir el inventario. Ello imparte vida a la letra de la ley, está en armonía con las

decisiones previas de esta Curia, conviene a los herederos y es cónsono con la economía judicial.

Claro está, eso no implica que en los casos en que se encuentre dentro de los supuestos de los Arts. 968 y 969 del Código Civil, *supra*, a saber, posee la herencia, ha gestionado como heredero, el tribunal le ha fijado un plazo para aceptar o ha aceptado al cabo de dicho plazo, el heredero pueda obviar los términos mediante el mecanismo de la aceptación beneficiaria ante un notario. Esto tampoco tiene el efecto de desarticular el esquema jurídico dispuesto para la aceptación a beneficio de inventario y la formación del inventario, ya que el legislador sólo quiso sujetar a dicho esquema a aquellos herederos que se encontraban dentro de los supuestos de los mencionados Arts. 968 y 969. A los demás los dejó sujetos al plazo de treinta (30) años dispuesto en el Art. 970, *supra*. Además, ya vimos que este Tribunal entendió en los citados casos *Betancourt v. Mundo, Albacea, Etc.* y *Penne González, y de la Guerra, Opositor*, que la aceptación beneficiaria ante un notario no era uno de esos supuestos.

Por consiguiente, concluiríamos que formalizar la aceptación a beneficio de inventario ante un notario, per se, no pone en marcha los términos para citar a acreedores y legatarios y para tramitar la formación de inventario dispuestos en los Arts. 968, 969 y 971 del Código Civil, 31 L.P.R.A. secs. 2805, 2806 y 2808. Pero aún de entender que los términos a que se refieren los citados artículos corren a partir de la aceptación beneficiaria ante un notario, no estamos de acuerdo en que se aplican de manera inflexible para despojar del beneficio a quien ya indicó su deseo de acogerse a éste. Veamos.

## II

La doctrina mayoritaria entiende que la aceptación a beneficio de inventario contiene en realidad dos (2) negocios jurídicos. Por un lado, presupone una aceptación de la

herencia, la cual es incondicional e irrevocable. Por el otro, contiene una manifestación de voluntad del heredero de limitar su responsabilidad por deudas del caudal a los bienes que integran el activo del mismo. L. Díez-Picazo y A. Gullón, *Sistema de Derecho Civil*, 3ra ed., Madrid, Ed. Tecnos, 1983, Vol. IV, pág. 663. Para que este segundo negocio tenga efectos jurídicos, es necesario que el heredero procure la formación del inventario con las formalidades y dentro de los plazos estatutarios. Art. 967 del Código Civil, 31 L.P.R.A. sec. 2804; M. Albaladejo, *Derecho Civil*, Barcelona, 1979, T. V, Vol. I, *Derecho de Sucesiones*, pág. 234; D. Espín Cánovas, *Manual de Derecho Civil Español*, 3ra ed., Madrid, Ed. Rev. Der. Privado, 1970, Vol. V, pág. 90; Manresa, *op. cit.*, pág. 519.

El Art. 967, *supra*, dispone que si el inventario no se realiza en tiempo y en forma, la declaración de aceptar a beneficio de inventario no tendrá efecto. Algunos autores opinan que ello implica que se tendrá por no hecha la aceptación. Quedará, pues, el heredero como un extraño en relación al caudal, a menos que haya mediado culpa o negligencia suya en el incumplimiento. Albaladejo, *Comentarios al Código Civil y complaciones forales, op. cit.*, págs. 335 y 354. No obstante, la corriente mayoritaria interpreta que lo que no tendrá efecto según el citado Art. 967 es la segunda parte del negocio comprendido en la aceptación beneficiaria, a saber, el beneficio de inventario per se, entendiendo que sobrevive la aceptación como una pura y simple. Manresa, *op. cit.*, pág. 526. Lacruz Berdejo, *op. cit.*, págs. 297–298. Sin embargo, dicha corriente tiende a moderar la aplicación de esta sanción a la luz del Art. 972 del Código Civil, 31 L.P.R.A. sec. 2809. Este último dispone que se entenderá que ha aceptado pura y simplemente sólo cuando el incumplimiento con los términos para comenzar o terminar el inventario ha sido culposo. Manresa, *op. cit.*, págs. 530–531; J. Vallet de Goytisolo, *Panorama del Derecho de Sucesiones: perspectiva dinámica*, Madrid, 1984, T.

II, págs. 538–539 (citando a Roca Sastre y a Peña Bernaldo de Quirós). Explica Manresa que se pierde el beneficio de inventario y se entiende aceptada pura y simplemente la herencia:

> ... Cuando habiendo manifestado el heredero que acepta la sucesión a beneficio de inventario, y hallándose en algunos de los casos previstos en los arts. 1.014 y 1.015, no procede a su manifestación, o no sigue a ella dentro de los plazos legales un inventario fiel y exacto de todos los bienes de la sucesión, *siempre que medie culpa o negligencia por parte del heredero.* (Énfasis suplido.) Manresa, *op. cit.*, pág. 548.

La doctrina se fundamenta en que, siendo una sanción grave la pérdida del beneficio de inventario y la consiguiente aceptación pura y simple, debe interpretarse restrictivamente. A estos efectos, Puig Brutau, refiriéndose a Peña Bernaldo de Quirós, destaca

> ... el carácter benévolo de la jurisprudencia en la interpretación de los preceptos que imponen la sanción de la pérdida del beneficio. ... Incluso se ha sostenido que el beneficio no se pierde en caso de omisión total del inventario mientras no se pruebe la culpa o neglignecia de los herederos. Puig Brutau, *op. cit.*, págs. 281–282. Ver, además, M. Peña Bernaldo de Quirós, *La herencia y las deudas del causante*, Madrid, Ed. Inst. Nac. Est. Jur., 1967, págs. 297 y 299.

También nos ilustra en este aspecto el Prof. Efraín González Tejera:

> Para los herederos con plena capacidad, la pérdida [del beneficio de inventario] requerirá evidencia incuestionable de malicia o descuido inexcusable porque, dadas las severas consecuencias que puede producir dicha pérdida, los tribunales estarían renuentes a imponerla como sanción. E. González Tejera, *Derecho Sucesorio Puertorriqueño*, San Juan, Ramallo Bros. Printing, 1983, Vol. I, pág. 167.

Como vemos, este autor explica que la negligencia de la que habla el Código Civil implica malicia o descuido inexcusable y no, como sostiene la opinión mayoritaria, la im-

posibilidad de que el heredero realice el inventario por no estar los bienes de la herencia en su poder o a su disposición. Ello sería un criterio demasiado estricto que deja de ser negligencia propiamente y raya en lo que nuestra doctrina civilista denomina "fuerza mayor".

El criterio de culpa o negligencia es aplicable tanto con relación al término para informar al tribunal la intención de acogerse al beneficio de inventario y citar acreedores y legatarios, como al término para comenzar y concluir el inventario. Vallet de Goytisolo, *op. cit.*; Albaladejo, *Comentarios al Código Civil y compilaciones forales, op. cit.*, pág. 369. La culpa o negligencia del heredero no se presume, por lo cual quien invoca la sanción ha de probar la negligencia. Albaladejo, *Comentarios al Código Civil y compilaciones forales, op.cit.*, pág. 369; Manresa, *op. cit.*, pág. 549; Scaevola, *op. cit.*, pág. 629. El criterio para determinar si el heredero fue negligente es el de un buen padre de familia. Albaladejo, *Comentarios al Código Civil y compilaciones forales, op. cit.*, pág. 368.

Concluiríamos, pues, que el incumplimiento de los términos estatutarios para la citación de acreedores y legatarios y para procurar la formación del inventario no debe acarrear de manera automática la pérdida del beneficio de inventario. Es menester demostrar que dicho incumplimiento fue culposo o negligente. De no haber mediado culpa o negligencia del heredero, lo que procede es que el tribunal señale un término para perfeccionar su aceptación beneficiaria mediante la citación de acreedores y legatarios y la formación del inventario, so pena de que se le considere que ha aceptado pura y simplemente. Como en este caso no se pasó prueba al respecto, devolveríamos los autos a instancia para determinar si el heredero fue o no negligente.

Por las razones anteriormente expuestas, disentimos.