PEDRO M. PORRATA, peticionario, *v.* CORTE DE DISTRITO DE PONCE, HON. DOMINGO SEPÚLVEDA, JUEZ, demandada.

Núm. 1134.—*Sometido:* Abril 9, 1938. *Resuelto:* Abril 29, 1932.

*Pedro M. Porrata, pro se* y como Contador Partidor; *F. Ochoteco,* abogado del Albacea don Mario Mercado Riera; *I. Soldevila,* abogado de la legataria Sra. Ventura; *F. Parra Toro,* abogado de los legatarios de apellidos Mercado Parra; *José A. Poventud,* abogado del heredero don Adriano Mercado Riera; *C. Iriarte,* abogado de la heredera María Luisa Mercado Riera; y *M. Vahamonde,* abogado de los legatarios de apellido Delgado y Negrón.

EL JUEZ ASOCIADO SEÑOR WOLF emitió la opinión del tribunal.

Mario Mercado Montalvo falleció bajo testamento el 22 de agosto de 1937. En el mismo designaba a su hijo mayor, Mario Mercado Riera, albacea de la herencia y nombraba como contador partidor a Pedro M. Porrata. Cada una de estas personas aceptó su cargo testamentario y comenzó a desempeñar sus deberes.

El día 24 de enero de 1938, Adrián Mercado Riera, uno de los cuatro hijos legítimos del testador, radicó una petición ante la Corte de Distrito de Ponce intitulada "Escrito sobre aceptación beneficiaria de herencia y formación de inventario." En ella se hacían constar las disposiciones generales del testamento del finado y la designación de Adrián Mercado Riera como uno de los cuatro herederos universales. También se enumeraron los legados y se especificaron los nombres y direcciones de los legatarios. El párrafo sexto de dicho escrito exponía los nombres de los acreedores de la sucesión, por información y creencia. Luego de hacer constar todo esto, el peticionario alegaba que no estaba en posesión de ninguno de los bienes de la herencia, que no había dado paso

alguno como heredero y que no se había instado ningún litigio en su contra en torno a la herencia. Luego de declarar que nadie había preparado un inventario del activo y pasivo de la herencia y que el albacea antes mencionado se hallaba en posesión de todos los bienes de la misma con la correspondiente prueba de los títulos, el peticionario solicitaba de la corte:

" . . . Se sirva ordenar que el referido albacea don Mario Mercado Riera, en el día y hora que el tribunal tenga a bien señalar, concurra con una completa relación y avalúo del activo y pasivo hereditarios, así como con los demás *datos* necesarios para la formación del indicado inventario de los bienes del causante. . . ." (Bastardilla nuestra.)

En la súplica de dicho escrito también se pedía se citara, por la corte, a todos los legatarios, acreedores, herederos, representantes de los menores, ausentes, etc., así como al fiscal, a fin de que todos ellos pudieran tener la oportunidad de presenciar e intervenir en la preparación del inventario.

En respuesta a la anterior petición, la Corte de Distrito de Ponce, el mismo día, reconoció la aceptación a beneficio de inventario hecha por Adrián Mercado Riera, y de conformidad con lo que la corte consideró sus derechos como aceptante, ordenó al albacea que compareciera ante dicha corte el 11 de marzo de 1938 a las 10 a. m. con una "completa relación del activo y pasivo dejados por el causante don Mario Mercado Montalvo, así como con los demás datos necesarios para la formación del inventario de los bienes del aludido finado. . . ."

El 26 de enero de 1938, el contador partidor, Pedro M. Porrata, radicó dos mociones, solicitando en una de ellas permiso para presentar otra en que trataba de que se le considerara como parte en el procedimiento para la preparación del inventario. Este recurso, o sea el número 1213 de la corte inferior, iniciado por Adrián Mercado Riera, es el asunto principal en el *certiorari* que está ante nos. Sin que el letrado del aceptante beneficiario hiciera objeción a ello,

al contador partidor se le permitió por orden de la corte de febrero 8 que compareciera en los autos del caso número 1213, supra. En febrero 10 el contador partidor Pedro M. Porrata, incorporado ya en el procedimiento especial a que antes nos hemos referido, presentó conjuntamente, dos mociones adicionales ante la corte inferior, solicitando:

(*a*) Que el aceptante enmiende su petición original y las citaciones posteriores, a fin de que se reconozca al contador partidor como parte, de conformidad con la resolución de febrero 8, 1938, y que se paralice todo procedimiento hasta que eso se haga;

(*b*) que se deje sin efecto la orden de enero 24, 1938, que requirió del albacea diera ciertos pasos con referencia a la formación del inventario; y

(*c*) que en su lugar se dicte otra orden dirigida al contador partidor, requiriéndole para que prepare el inventario y lo radique ante la corte dentro de sesenta días, o dentro de cualquier otro término que la corte crea conveniente, dada la importancia del caudal.

Con fecha 2 de marzo de 1938, la corte inferior declaró sin lugar ambas mociones, reservando al contador partidor sus derechos como tal. Una moción de reconsideración fué declarada sin lugar.

Con el propósito de anular la orden anterior de 2 de marzo, el contador partidor radicó ante este tribunal una petición de *certiorari*. El auto fué expedido y celebrada una amplia vista en la cual comparecieron los letrados de los herederos, legatarios y representantes testamentarios.

Irrespectivamente de si un contador partidor testamentario tiene derecho a que se le haga parte en un procedimiento especial para la aceptación beneficiaria de la herencia, el hecho cierto es que la corte en este caso permitió al contador partidor que interviniera, y en su consecuencia, el denegar su moción para que se enmendara la petición y citación del aceptante, de ser necesario, fué un proceder enteramente correcto.

 Según hemos enfocado la cuestión, existen tres controversias principales a determinarse:

I. ¿Tiene un heredero que ha aceptado la herencia a beneficio de inventario el derecho absoluto a exigir que la formación del inventario sea efectuada dentro de determinado período de tiempo?

II. De tener tal derecho, ¿puede solicitar que ello se haga judicialmente, si su aceptación ha sido judicial?

III. Si las dos preguntas anteriores son contestadas afirmativamente, ¿a quién corresponde preparar dicho inventario o suministrar la información necesaria?

Antes de proseguir, deseamos decidir de manera definitiva que el contador partidor tiene el derecho absoluto a preparar u obtener un inventario independiente para poder proceder al avalúo, liquidación, división y distribución de la herencia, para la partición de la misma. Esto se desprende de las disposiciones del artículo 601 del Código de Enjuiciamiento Civil (ed. de 1933), que lee:

"Al contador partidor, ya sea nombrado por el testador, ya por la corte de distrito, se le darán los *datos* necesarios para el avalúo, liquidación, división y distribución del caudal hereditario." (Itálica nuestra.)

Del artículo anterior se deduce que los "datos" pueden ser suministrados al contador partidor, mas nada hay que impida que él mismo los obtenga.

No tenemos duda alguna respecto a los poderes exclusivos del contador partidor dentro de los límites del campo de sus actividades. Empero, luego de hacer un análisis detenido del actual procedimiento, hemos llegado a la conclusión de que no se han menoscabado ninguno de esos poderes, conforme trataremos de demostrar.

Aunque Adrián Mercado Riera no aduce expresamente ninguna razón importante para exigir la formación del inventario, somos del criterio de que el Código Civil le otorga tal

derecho. Los artículos 964, 965, y 967–972 del Código Civil (ed. de 1930) disponen:

"Artículo 964.—Todo heredero puede aceptar la herencia a beneficio de inventario, aunque el testador se lo haya prohibido.

"También podrá pedir la formación de inventario antes de aceptar o repudiar la herencia para deliberar sobre este punto.

"Artículo 965.—La aceptación de la herencia a beneficio de inventario podrá hacerse ante notario o por escrito ante la corte de distrito que sea competente para prevenir el juicio de testamentaría o abintestato."

"Artículo 967.—La declaración a que se refieren los artículos anteriores no producirá efecto alguno si no va precedida o seguida de un inventario fiel y exacto de todos los bienes de la herencia, hecho con las formalidades y dentro de los plazos que se expresarán en los artículos siguientes.

"Artículo 968.—El heredero que tenga en su poder los bienes de la herencia o parte de ellos y quiera utilizar el beneficio de inventario o el derecho de deliberar, deberá manifestarlo a la corte de distrito competente para conocer de la testamentaría o del abintestato, dentro de los diez días siguientes al en que supiere ser tal heredero, si reside en el lugar donde hubiese fallecido el causante de la herencia. Si residiera fuera, el plazo será de treinta días.

"En uno y otro caso el heredero deberá pedir a la vez la formación del inventario, y la citación a los acreedores y legatarios para que acudan a presenciarlo si les conviniere.

"Artículo 969.—Cuando el heredero no tenga en su poder la herencia o parte de ella, ni haya practicado gestión alguna como tal heredero, los plazos expresados en el artículo anterior se contarán desde el día siguiente al en que expire el plazo que la corte de distrito le hubiese fijado para aceptar o repudiar la herencia, conforme al artículo 959 o desde el día en que la hubiese aceptado o hubiera gestionado como heredero.

"Artículo 970.—Fuera de los casos a que se refieren los dos anteriores artículos, si no se hubiere presentado ninguna demanda contra el heredero, podrá éste aceptar a beneficio de inventario o con el derecho de deliberar, mientras no prescriba la acción para reclamar la herencia.

"Artículo 971.—El inventario se principiará dentro de los treinta días siguientes a la citación de los acreedores y legatarios, y concluirá dentro de otros sesenta.

"Si por hallarse los bienes a larga distancia, o ser muy cuantiosos, o por otra causa justa, parecieren insuficientes dichos sesenta días, podrá la corte de distrito prorrogar este término por el tiempo que estime necesario, sin que pueda exceder de un año.

"Artículo 972.—Si por culpa o negligencia del heredero no se principiare o no se concluyere el inventario en los plazos y con las solemnidades prescritas en los artículos anteriores, se entenderá que acepta la herencia pura y simplemente."

Nos hemos formado la idea, de conformidad con los anteriores artículos y de acuerdo con la mayoría de los comentaristas de los artículos correspondientes al Código Civil español, que el aceptante puede solicitar la formación de un inventario judicial. Según dijimos en *Penne González y De la Guerra et al.*, 46 D.P.R. 265, no estamos del todo convencidos de que tiene inevitablemente que ser judicial en su preparación, aunque sí tiene siempre que ser presentado en la secretaría de la corte, y notificado a todas las partes interesadas, a fin de que éstas puedan levantar las objeciones pertinentes. Sin embargo, estamos más o menos seguros de que si el inventario no ha precedido la aceptación condicional, el aceptante puede siempre pedir que el inventario se haga ante la corte competente. Tenemos además la idea de que otros herederos que más tarde puedan creer prudente hacer dicha aceptación condicional, y que han sido debidamente citados en este procedimiento, quedan obligados, a los efectos de su actuación especial, por el inventario que eventualmente se apruebe en este caso. Esto despeja cualquier peligro que pudiera haber de inventarios múltiples por parte de otros herederos en este estado de la herencia.

No podemos perder de vista el hecho de que al contador partidor se le ha permitido tomar parte en la preparación del inventario y que puede, haciendo las oportunas objeciones o indicaciones, ayudar grandemente a la corte a llegar a una pronta terminación del inventario. Este inventario ayudará al albacea a realizar uno de los deberes fundamentales de su cargo, o sea el pago de las deudas hereditarias, y al así

hacerlo las operaciones particionales pueden ser grandemente facilitadas.

La cuestión restante que ha de contestarse es la relativa a la procedencia de la orden de la corte inferior dirigida al albacea. Una vez que se llega a la conclusión de que el inventario puede, y quizá debe, ser judicial, entonces la forma en que ha de prepararse el inventario, a nuestro juicio, es en gran parte discrecional en la corte. En este caso específico, la corte decidió acudir al albacea, por estar él en posesión de todos los bienes del finado, para toda aquella información que éste pudiera suministrar a la corte. Es cierto que la orden expresamente le requería para que suministrara una completa relación y avalúo del activo y pasivo dejados por el causante, etc., pero cualesquiera objeciones que el albacea pueda tener respecto a su habilidad o deber de avaluar, es cuestión que él puede ventilar ante la corte de distrito.

En este recurso se han presentado cuatro extensos alegatos, y es imposible, y en muchos casos innecesario, contestar todos los puntos legales suscitados por los sostenedores de las distintas contenciones. La cuestión principal sub júdice no está cubierta expresamente por nuestros códigos, y puede que haya llegado el momento de que la Asamblea Legislativa armonice, mediante la redacción de un estatuto completo que cubra el campo especial que está ante nos, los principios españoles y americanos que rigen toda esta importante fase del derecho de sucesión.

Tal vez hubiera sido aún más prudente ordenar al contador partidor que prepare el inventario, pero como todos los bienes se encuentran aparentemente bajo la custodia del albacea, y quizá por otras razones, la corte tenía una discreción que no estamos dispuestos a negarle.

Todas las partes interesadas en la herencia de Mario Mercado Montalvo deben cooperar con la corte inferior en la preparación de un inventario con toda premura, a fin de que esta herencia dé un paso adelante en el camino que conduce hacia su división y partición. Para evitar gastos y la duplicación

de inventarios, el contador partidor debe unirse en los proce-
dimientos en que, a instancia propia, se le permitió intervenir.

*Por las razones expuestas, debe anularse el auto expedido
por este Tribunal con fecha 8 de marzo de 1938 y ordenarse
la devolución a la corte inferior de todos los expedientes que
se encuentran ante nos, para ulteriores procedimientos y para
que se fije un nuevo término dentro del cual haya de darse
cumplimiento a la orden de dicha corte de ?4 de enero de
1938.*