CARIDAD GONZÁLEZ CAMPOS, demandante y recurrida, *v.* RENÉ AUGUSTO GONZÁLEZ MEZERENE, demandado y recurrente.

*Número:* RE-93-197 *Resuelto:* 23 de octubre de 1995

*Miguel E. Bonilla Sierra* y *Carlos T. González Contreras*, abogados de la parte recurrente; *José A. Masini Soler*, abogado de la parte recurrida.

La Juez Asociada Señora Naveira de Rodón emitió la opinión del Tribunal.

El presente caso nos permite examinar las normas aplicables a dos (2) figuras de nuestro derecho sucesorio: el derecho a deliberar y la aceptación tácita. Veamos los hechos.

I

*Hechos*

El 4 de octubre de 1989, don René González Tigera falleció intestado en Miami, Florida. Mediante Resolución sobre Declaratoria de Herederos, de 23 de abril de 1990, Caridad González Campos y René González Mezerene fueron declarados sus únicos y universales herederos.([1])

El 17 de enero de 1991, la señora González Campos presentó una demanda contra su hermano, el señor González Mezerene, para que éste aceptara o repudiara la herencia. A pesar de que fue emplazado el 4 de marzo de 1991, el señor González Mezerene no contestó la demanda.

■ Posteriormente, el 1ro de mayo de 1991, la señora González Campos presentó una moción en la que solicitó que se le ordenara al heredero demandado hacer una declaración respecto a la herencia. A tenor con lo dispuesto en el Art. 959 del Código Civil, 31 L.P.R.A. sec. 2787, el foro de instancia concedió treinta (30) días al señor González Mezerene para tomar una determinación, término que comenzó a correr el 26 de junio de 1991.([2])

■ El señor González Mezerene, por derecho propio, contestó la demanda el 18 de julio de 1991.([3]) Para deliberar sobre la aceptación de la herencia, solicitó al tribunal la formación de un inventario, en armonía con lo dispuesto

---

([1]) Según la certificación de gravamen expedida por el Negociado de Contribución sobre la Propiedad, Herencia y Donaciones del Departamento de Hacienda, expedida el 8 de agosto de 1990, el caudal relicto exento ascendió a novecientos cuarenta y ocho mil novecientos setenta y nueve dólares con noventa y ocho centavos ($948,979.98), aclarándose, no obstante, la posible existencia de deudas y obligaciones a ser pagadas con cargo a dicho caudal.

([2]) El Art. 959 (31 L.P.R.A. sec. 2787) lee:

"Instando, en juicio, un tercer interesado para que el heredero acepte o repudie, deberá el Tribunal Superior señalar a éste un término, que no pase de treinta (30) días, para que haga su declaración; apercibido de que, si no la hace, se tendrá la herencia por aceptada."

([3]) No fue hasta el 24 de enero de 1992 que el señor González Mezerene compareció a través de su representación legal.

por el Art. 964 del Código Civil, 31 L.P.R.A. sec. 2801.(⁴) Además, alegó que dicho inventario, así como la aceptación o repudio de la herencia, debía ser pospuesto hasta que se hubiese finalizado un pleito instado en el Tribunal Superior en el cual estaban en controversia ciertos bienes de la herencia.(⁵)

Por su parte, la señora González Campos, mediante una moción presentada el 26 de septiembre de 1991, informó al tribunal de instancia que se proponía iniciar el inventario de los bienes del caudal hereditario. Indicó que, contrario a lo informado por el demandado, no sería difícil principiar y concluir el inventario, ya que todos los bienes del causante estaban señalados en la planilla de caudal relicto y en el relevo expedido por el Departamento de Hacienda. Por último, solicitó al tribunal un término de treinta (30) días "para cursar citación a los acreedores y principiar el inventario", término que le fue concedido.

Así las cosas, el señor González Mezerene presentó el 11 de octubre de 1991 unas mociones para solicitar al foro de instancia que ordenara a la parte demandante producir un extenso listado de documentos personales, corporativos y de la sociedad de bienes gananciales del causante, los cuales estimaba necesarios para proceder con la formación de inventario, ya que los bienes del causante estaban en manos de la demandante. Aceptó que ésta citara a los acreedores, pero insistió en que el inventario fuese pospuesto. El tribunal de instancia determinó que no procedía la solicitud para dejar en suspenso la formación del inventario y ordenó a la parte demandante que expresara su posición en cuanto al requerimiento de documentos.

---

(⁴) El Art. 964 del Código Civil, 31 L.P.R.A. sec. 2801, lee:

"Todo heredero puede aceptar la herencia a beneficio de inventario, aunque el testador se lo haya prohibido.

*"También podrá pedir la formación de inventario antes de aceptar o repudiar la herencia para deliberar sobre este punto."* (Énfasis suplido.)

(⁵) *Miguel Ángel González Tigera y otros v. René González Tigera, Padre y otros*, Caso Civil Núm. 86-5092, sobre sentencia declaratoria y acción derivativa de accionistas.

El 16 de diciembre de 1991, la parte demandante informó al tribunal que estaba trabajando en la citación de acreedores para comenzar el inventario y que se proponía publicar un edicto para citar a los acreedores desconocidos. Solicitó un término de diez (10) días para completar los trámites.

También, el 23 de diciembre de 1991, la parte demandante presentó su oposición al requerimiento de documentos. Expresó que, en el caso sobre sentencia declaratoria y acción derivativa de accionistas, el Tribunal Superior de San Juan había ordenado el embargo del caudal relicto y que se habían consignado todos los fondos en la secretaría del tribunal;[6] que mediante el descubrimiento de prueba requerido, el señor González Mezerene pretendía llevar a cabo un procedimiento que se le prohibió realizar dentro de dicho caso civil; que no se cumplió con la Regla 31 de Procedimiento Civil, 32 L.P.R.A. Ap. III, la cual establece el procedimiento para el descubrimiento de documentos, y que el demandado pretendía hacer un descubrimiento sobre materia no pertinente al asunto en controversia en el pleito. El tribunal acogió los planteamientos de la parte demandante y declaró sin lugar la moción sobre requerimiento de documentos.

No obstante lo anterior, apenas mes y medio más tarde, el 30 de enero de 1992 la demandante acudió al tribunal para que éste la relevase de la obligación de comenzar el inventario y le ordenase al señor González Mezerene que, a tenor con los Arts. 968 y 971 del Código Civil, 31 L.P.R.A. secs. 2805 y 2808, citase a los acreedores y legatarios y principiase el inventario.

Respondiendo a dicha solicitud, el 10 de febrero de 1992, el tribunal de instancia ordenó al demandado que comenzara el inventario dentro del término de treinta (30) días y lo finalizara en otros sesenta (60) días. El 10 de abril de

---

[6] *Miguel Ángel González Tigera y otros v. René González Tigera, Padre y otros,* Caso Civil Núm. 86-5092.

1992, el señor González Mezerene presentó una moción en la que solicitó que se formara un inventario judicial. El tribunal de instancia, el 27 de mayo de 1992, ordenó la celebración de una vista para "determinar los par[á]metros en que habr[ía] de realizarse el inventario judicial".

Tres (3) días antes de la celebración de la vista, el 19 de junio de 1992, la parte demandante presentó una moción en oposición a inventario judicial. Expresó, básicamente, que el requisito de la práctica de inventario se impone cuando el heredero tiene dudas sobre si los débitos habrán o no de exceder los bienes de la herencia y desea liberarse de la obligación de responder con bienes propios por las deudas del causante; que la confección del inventario le corresponde al heredero que reclama el beneficio; que el propósito del demandado al solicitar un inventario judicial era "subvertir o negar actos realizados por su causante"; que el plazo para el uso de los mecanismos de descubrimiento de prueba dispuesto por la Regla 23.4 de Procedimiento Civil, 32 L.P.R.A. Ap. III, sobre los términos para las gestiones del descubrimiento de prueba, había expirado; que no se demostró razón para prorrogar el término, y que su propósito era atacar la orden de la Sala Superior de San Juan sobre descubrimiento de prueba en el caso sobre acción derivativa de accionistas. Tras la celebración de dicha vista, el 25 de agosto de 1992, el tribunal determinó que no procedía el inventario judicial y que el demandado, señor González Mezerene, había aceptado la herencia pura y simplemente.[7]

Inconforme, el demandado recurrió ante nos planteando las controversias siguientes:

---

[7] De dicha orden el demandado acudió ante el Tribunal de Apelaciones mediante una petición de *certiorari*. El tribunal desestimó la petición porque en el apéndice de la petición no se incluyó una copia de la orden. Además, concluyó que la orden recurrida dispuso totalmente del pleito. En ese sentido, el Tribunal de Apelaciones expresó que las partes podían solicitarle al tribunal de instancia que emitiera la sentencia y se ordenara su registro. Posteriormente, el tribunal de instancia así lo hizo.

1. Erró el Honorable Tribunal Superior, Sala de San Juan, al determinar "sua sponte" que la parte recurrente aceptaba la herencia pura y simplemente, habiendo la parte demandada previamente manifestado su intención inequívoca de deliberar sobre la aceptación o repudio de la herencia con el beneficio de un inventario.

. . . . . . . . .

2. Erró el Honorable Tribunal Superior, Sala de San Juan, al denegar la solicitud de que se practique inventario judicial cuando ya previamente había señalado la correspondiente vista donde se discutirían los parámetros para practicar dicho inventario judicial.

. . . . . . . .

3. Erró el Honorable Tribunal Superior, Sala de San Juan, al no permitir a la parte aquí compareciente utilizar los mecanismos de descubrimiento de prueba a los efectos de poder determinar la corrección y exactitud de los activos y pasivos del caudal hereditario que se pretendía que aceptara o repudiara de modo irrevocable.

En síntesis, el señor González Mezerene alegó que debido a que solicitó su derecho a deliberar, tiene derecho a la formación de un inventario de los bienes y deudas de su padre fallecido. Argumentó que la formación de un inventario no está intrínsecamente ligada a la figura de aceptación de herencia a beneficio de inventario y que la formación del inventario también se requiere como parte del derecho a deliberar.

Por su parte, la parte recurrida alegó que el recurrente no hizo gestión alguna para la formación de inventario y que, por ende, el tribunal de instancia tomó la decisión correcta al ordenar que se le tenga como heredero puro y simple. Además, informó que el recurrente enajenó bienes particulares de la herencia mediante un contrato de cesión con el Banco Popular de Puerto Rico, acción que confirma

la aceptación pura y simple de la herencia.[8] Procedemos a revisar.

## II

### A. *El derecho a deliberar, el beneficio de inventario y la aceptación beneficiaria*

■ En nuestro derecho sucesorio, el llamado por ley o por el testador a recibir el caudal hereditario es libre para aceptar o rechazar el llamamiento. Éste puede escoger entre aceptar la herencia pura y simplemente,[9] aceptarla a beneficio de inventario[10] o repudiarla.[11] J.L. Lacruz Ber-

---

[8] El 7 de febrero de 1992, el recurrente firmó un contrato de cesión con el Banco Popular de Puerto Rico mediante el cual hizo cesión absoluta a su favor de todos los derechos, pagos, compensaciones o emolumentos que le correspondía recibir en los siguientes procedimientos judiciales: *Miguel Ángel González Tigera y otros v. René González Tigera y otros*, Civil Núm. 86-5092 (902); *Caridad González Campos v. René Augusto González*, Civil Núm. KAC 91-0096; *Caridad González Campos, Ex parte*, Civil Núm. KJV 90-0171 (806). En dicho contrato el cedente autorizó al cesionario a intervenir en los procesos judiciales antes mencionados.

De hecho, el Banco Popular de Puerto Rico presentó una moción para intervenir en el pleito de autos el 5 de mayo de 1992. A esto se opuso la parte demandante, alegando que la estipulación en que el Banco fundamentaba su solicitud para intervenir era nula porque en ella compareció una corporación denominada Compañía de Autos y Servicios René González, Inc., representada por el señor González Mezerene, y nuestro ordenamiento jurídico no autoriza la comparecencia, representación y defensa de los intereses de una corporación ante los tribunales a través de un oficial que no es abogado. Además, alegó que la moción de intervención era contraria a la Regla 21.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, sobre intervención permisible. En su contestación a dicha moción, el Banco explicó que la sentencia por estipulación recayó sobre cuatro (4) partes: Sr. René González, Sra. Eva Varela Alberty y la sociedad legal de gananciales compuesta por ambos y por la Compañía de Autos y Servicios René González, Inc., y, por lo tanto, tenía efecto contra las demás partes que sí podían comparecer por derecho propio. También argumentó en contra del planteamiento sobre las intervenciones permisibles. Finalmente, el tribunal de instancia no permitió la intervención.

[9] La aceptación pura o simple es la llamada responsabilidad *ultra vires hereditarias*. Mediante ésta, el aceptante no limita su responsabilidad por las deudas o el pasivo hereditario. Sustituye jurídicamente, a todos los efectos, a su causante, produciéndose la confusión del patrimonio del causante y del heredero. Véanse: Art. 957 del Código Civil, 31 L.P.R.A. sec. 2785; M. Royo Martínez, *Derecho Sucesorio*, Sevilla, Ed. Edelce, 1951, pág. 269; M. Albaladejo, *Comentarios al Código Civil y compilaciones forales*, Madrid, Ed. Edersa, 1989, T. XIV, Vol. 1, págs. 259–272.

[10] La aceptación a beneficio de inventario o *inter vires hereditarias* se hace para limitar la responsabilidad del llamado que duda sobre la solvencia del patrimo-

dejo y F.A. Sancho Rebullida, *Derecho de Sucesiones*, Barcelona, Ed. Bosch, 1971, T. I, pág. 117. Para facilitar tal decisión, el Código Civil provee el derecho a deliberar sobre si acepta o repudia la herencia y el derecho a aceptarla a beneficio de inventario.([12]) Ahora bien, una cosa es el beneficio de inventario y el derecho a deliberar, y otra distinta la aceptación a beneficio de inventario. M. Albaladejo, *Comentarios al Código Civil y compilaciones forales*, Madrid, Ed. Edersa, 1989, T. XIV, Vol. I, pág. 310. Son opciones distintas. *Lequerique v. Sucn. Talavera Crespo*, 132 D.P.R. 297, 314 (1992).

■ El derecho a deliberar es un beneficio que tiene el llamado para que, con total conocimiento de los activos, pasivos y cuantía del patrimonio hereditario, pueda reflexionar sobre la conveniencia o no de aceptar la herencia. Albaladejo, *op. cit.*, pág. 322.

■ Las razones que puede tener una persona para solicitar el derecho a deliberar pueden ser variadas. Por ejemplo: "ponerse a cubierto de la mentada interpelación judicial amparada en el artículo [959]; prolongar el plazo del requerimiento judicial si la interpelación y emplazamiento ya se ha producido; evitar que cualquier acto suyo

---

nio relicto. Quedan separados los patrimonios del causante y del heredero quien responde por las deudas de su causante hasta donde alcanza el valor de los bienes de la herencia. Véanse: Arts. 952 y 977 del Código Civil, 31 L.P.R.A. secs. 2780 y 2814; J.L. Lacruz Berdejo y F.A. Sancho Rebullida, *Derecho de Sucesiones*, Barcelona, Ed. Bosch, 1971, T. I, pág. 117; J.M. Manresa y Navarro, *Comentarios al Código Civil Español*, Madrid, Ed. Reus, 1955, T. VII, pág. 455.

([11]) Mediante la repudiación, el llamado rehúsa adquirir la herencia manifestando, en la forma dispuesta por la ley, su voluntad de no ser heredero. Arts. 943 y 962 del Código Civil, 31 L.P.R.A. secs. 2771 y 2790; Lacruz Berdejo y Sancho Rebullida, *op. cit.*, pág. 138; Royo Martínez, *op. cit.*, págs. 293–296.

([12]) El derecho a deliberar surge en tiempos de Roma. El *spatium deliberandi* era el plazo concedido al heredero para examinar el estado de la herencia antes de decidirse por su aceptación o repudiación. Si dentro de dicho plazo no informaba su decisión, se entendía que repudiaba la herencia. Fue adoptado con el fin de evitar la incertidumbre indefinida de los derechos hereditarios. F. Puig Peña, *Compendio de Derecho Civil Español*, 3ra ed. rev., Madrid, Ed. Pirámide, 1976, Vol. 5, pág. 646; J.R. Vélez Torres, *Curso de Derecho Civil*, San Juan, Ed. Rev. Jur. U.I.A., 1992, T. IV, Vol. III, pág. 458.

pueda ser estimado como tácita aceptación pura y simple de la herencia [Art. 953]... Pero fundamentalmente, procurar hacer él mismo, o pedir que se haga, un inventario de cuantos elementos patrimoniales comprenda la herencia para, puestos en su conocimiento todos ellos, activos y pasivos, resolver con la suficiente dosis de ciencia y de conciencia si le conviene aceptar o le es más útil repudiar." Albaladejo, *op. cit.*, págs. 323–324. En fin, el derecho a deliberar no es una aceptación; es un tiempo para pensar si es conveniente convertirse en heredero o repudiar su derecho a la herencia. E. González Tejera, *Derecho Sucesorio Puertorriqueño*, San Juan, Ed. Ramallo, 1983, Vol. I, pág. 168.

■ El Art. 964 del Código Civil, *supra*, establece que aquel que solicite su derecho a deliberar sobre si acepta o repudia una herencia puede, a su vez, solicitar con cargo al caudal la formación de un inventario fiel y exacto de los activos y pasivos.[13] El beneficio de inventario, bajo estas circunstancias, tampoco significa una aceptación de la herencia, sino que constituye el mecanismo para conocer con exactitud el activo y el pasivo de la herencia para luego deliberar sobre la conveniencia de aceptar pura y simplemente, de repudiar o de aceptar a beneficio de inventario. Albaladejo, *op. cit.*, pág. 310; González Tejera, *op. cit.*, pág. 170.

■ Por otra parte, la aceptación a beneficio de inventa-

---

[13] El Código Civil no establece trámite o requisito alguno para la formación del inventario. Puede acogerse la forma judicial, notarial o privada, siempre que se cite a los acreedores y legatarios para que puedan intervenir si lo consideran necesario. *Lequerique v. Sucn. Talavera Crespo*, 132 D.P.R. 297 (1992); *Porrata v. Corte*, 53 D.P.R. 148 (1938); *Penne González, y de la Guerra, Opositor*, 46 D.P.R. 264 (1934); Veléz Torres, *op. cit.*, pág. 458; E. González Tejera, *Derecho Sucesorio Puertorriqueño*, San Juan, Ed. Ramallo, 1983, Vol. I, págs. 162–165.

Pero, en *Porrata v. Corte*, supra, págs. 154–155, indicamos que "si el inventario no ha precedido la aceptación condicional, el aceptante puede siempre pedir que el inventario se haga ante la corte competente", y añadimos que "[u]na vez que se llega a la conclusión de que el inventario puede, y quizá debe, ser judicial, entonces la forma en que ha de prepararse el inventario, a nuestro juicio, es en gran parte discrecional en la corte".

rio es una aceptación expresa de la herencia que libera al heredero de la obligación de pagar deudas hereditarias. El efecto de la aceptación beneficiaria es mantener separado el patrimonio del difunto descrito en el inventario, del patrimonio personal del heredero. *Lequerique v. Sucn. Talavera Crespo*, supra; Albaladejo, *op. cit.*, pág. 316.

▂▂▂▂ Aunque se ha discutido la utilidad del derecho a deliberar, que aún coexiste en el Código con la aceptación beneficiaria, el profesor González Tejera indica que "existe una gran diferencia entre ambas instituciones que justifican la utilidad del derecho a deliberar y es que, con la aceptación beneficiaria, el heredero asume las responsabilidades de una administración temporera del caudal, con sus reclamos de tiempo y molestias, mientras que, acogido al derecho a deliberar, si el inventario es claramente negativo, se libera de todo cuanto implica la aceptación a beneficio de inventario, con la simple repudiación". González Tejera, *op. cit.*, pág. 170.[14] De manera que, aunque la finalidad del derecho a deliberar puede ser suplida por el beneficio de inventario, existiendo éste puede ser utilizado por cualquier heredero (testamentario, legítimo o fideicomisario). Albaladejo, *op. cit.*, pág. 324.

Por otra parte, el profesor González Tejera aclara que aunque se discute entre los tratadistas si, una vez acogido al derecho a deliberar, el llamado puede aceptar la herencia a beneficio de inventario, "[s]i aceptamos que el derecho que analizamos [el derecho a deliberar] está diseñado para proteger al heredero más que a los acreedores, nos parece que su ejercicio no excluye la oportunidad de acogerse al

---

[14] Algunos tratadistas opinan que este recurso ha perdido utilidad con la presencia del relativo a la aceptación a beneficio de inventario. Véanse, por ejemplo: Vélez Torres, *op. cit.*, págs. 458–489; J. Castán Tobeñas, *Derecho Civil español común y foral*, Madrid, Ed. Reus, 1989, T. VI, Vol. 2, pág. 163; Albaladejo, *op. cit.*, págs. 311–312.

beneficio de inventario". González Tejera, *op. cit.*, pág. 170.([15])

B. *Reglamentación procesal del derecho a deliberar*

 Respecto a la reglamentación procesal, los términos para ejercitar el derecho a deliberar, en cuanto al plazo de solicitud, formación de inventario y sanción por la inobservancia de estas prescripciones, son los mismos que para la aceptación a beneficio de inventario (Arts. 967–972 del Código Civil, 31 L.P.R.A. secs. 2804–2809). D. Espín Cánovas, *Manual de Derecho Civil Español*, 5ta ed., Madrid, Ed. Rev. Der. Privado, 1978, Vol. V, pág. 93; González Tejera, *op. cit.*, pág. 168; Albaladejo, *op. cit.*, pág. 334; J. Vallet de Goytisolo, *Panorama de Derecho de Sucesiones*, Madrid, Ed. Civitas, 1984, Vol. II, págs. 521–522.

 Los plazos concedidos al llamado para acogerse al derecho a deliberar varían a tono con las circunstancias particulares del llamamiento. Primero, si el llamado no tiene en su poder los bienes hereditarios ni ha sido judicialmente interpelado para que acepte o repudie, éste puede recabar el derecho a deliberar mientras no prescriba la acción para reclamar la herencia. Art. 970 del Código Civil, 31 L.P.R.A. sec. 2807. Segundo, si el heredero no tiene en su poder los bienes hereditarios o no ha practicado gestión alguna como tal heredero, pero ha sido interpelado judicialmente, puede recabar el derecho a deliberar dentro del término que el tribunal le haya señalado, apercibido de que si no lo hace se tendrá por aceptada là herencia. Los términos son de diez (10) o treinta (30) días, dependiendo

---

([15]) Gitama González, López R. Gómez, Sánchez Román, Manresa, Valverde, Castán Tobeñas, Peña y Bernaldo de Quirós, Santamaría Aixa, Vallet de Goytisolo y Lacruz Berdejo son de la misma opinión. En contra, Scaevola y Galindo Pardo. Véase Albaladejo, *op. cit.*, pág. 325, esc. 20; J. Vallet. de Goytisolo, *Panorama de Derecho de Sucesiones*, Madrid, Ed. Civitas, 1984, Vol. II, págs. 517–520; Castán Tobeñas, *op. cit.*, págs. 172–173.

si el heredero reside o no en el lugar donde hubiese fallecido el causante de la herencia, contados a partir del día siguiente al día en que expire el plazo que el Tribunal Superior le hubiese fijado para aceptar o repudiar la herencia. Art. 969 del Código Civil, 31 L.P.R.A. sec. 2806. Tercero, el llamado que tiene en su poder todos los bienes hereditarios o parte de ellos también puede acogerse al derecho de deliberar, manifestándolo al tribunal dentro de los diez (10) días siguientes al día en que se sepa heredero, si reside en el lugar donde haya fallecido el causante de la herencia. Si reside fuera, el plazo será de treinta (30) días. Art. 968 del Código Civil, *supra*. Véase Albaladejo, *op. cit.*, pág. 324.

■ Una vez el llamado informa su decisión de acogerse al derecho a deliberar, empieza a correr el plazo legal para la formación del inventario. El Art. 971 del Código Civil, *supra*, indica que el inventario se principiará dentro de los treinta (30) días siguientes a la citación de los acreedores, que según el Art. 968 del Código Civil, *supra*, se hará en el mismo momento en que se solicita la formación del inventario.[16] Concluirá dentro de otros sesenta (60) días. Se trata de dos (2) plazos que se yuxtaponen. Los primeros treinta (30) días no están comprendidos en los sesenta (60). A. Hernández Gil, *Lecciones de Derecho Sucesorio*, Madrid, Sucesores de Rivadeneyra, 1969, pág. 107. Albaladejo, *op. cit.*, pág. 364. La idea es que el inventario ha de levantarse en un plazo corto, "de lo contrario, cabría aplazar indefinidamente la citación, y con ella el inventario, haciendo inútiles los perentorios términos del artículo

---

[16] El heredero debe pedir a la vez la formación del inventario y la citación de acreedores y legatarios, ya que la disposición del Art. 968 (31 L.P.R.A. sec. 2805) puede entenderse repetida en el Art. 969 (31 L.P.R.A. sec. 2806). Lacruz Berdejo y Sancho Rebullida, *op. cit.*, pág. 134; D. Espín Cánovas, *Manual de Derecho Civil Español*, sta ed., Madrid, Ed. Rev. Der. Privado, 1978, Vol. V, pág. 91; Hernández Gil, *op. cit.*, 107; Vélez Torres, *Curso de Derecho Civil, supra*, pág. 449; Albadalejo, *op. cit.*, pág. 350; Royo, *op. cit.*, pág. 283.

[971], contra la clara intención del legislador". Lacruz Berdejo y Sancho Rebullida, *op. cit.*, pág. 134.

Si los bienes están lejos o son muy cuantiosos, o por otra justa causa parecen insuficientes los sesenta (60) días, el juez puede prorrogar el término por el que estime necesario sin que pueda exceder un (1) año. Pero, el plazo prorrogable del inventario es el de su realización y no el de su iniciación. Hernández Gil, *op. cit.*, pág. 107. Dentro de los treinta (30) días siguientes a aquel en que se depositó en la secretaría del tribunal el inventario ya concluido, el heredero deberá decidir si acepta o repudia. Art. 973 (31 L.P.R.A. sec. 2810); González Tejera, *op. cit.*, pág. 169.

El Art. 972 del Código Civil, *supra*, establece una sanción para los casos en que el heredero no principie o concluya el inventario en los plazos prescritos: la privación del derecho a limitar su responsabilidad.[17]

Sobre esta penalidad, los tratadistas enfatizan que sólo debe ser impuesta en caso de culpa o negligencia del heredero. Por ejemplo, Roca Sastre —según citado por J. Puig Brutau, *Fundamentos de Derecho Civil*, Barcelona, Ed. Bosch, 1982, T. II, Vol. 2, pág. 280— recomienda una aplicación benigna de este precepto. Manresa dice que la herencia se entiende aceptada pura y simplemente cuando por culpa o negligencia del heredero no se empieza el inventario o no se finaliza en los términos establecidos por el Código. Manresa, *op. cit.*, pág. 548. Diego Espín señala que "[l]a sanción a la inobservancia culposa de las formalidades y requisitos del [beneficio de] inventario es la pérdida de este beneficio ...". (Énfasis suprimido.) Espín Cánovas,

---

[17] El Art. 972 (31 L.P.R.A. sec. 2809) dispone:

"Si por culpa o negligencia del heredero no se principiare o no se concluyere el inventario en los plazos y con las solemnidades prescritas en las secciones anteriores, se entenderá que acepta la herencia pura y simplemente." (Énfasis suplido.)

Nuestro Código contiene la partícula "o" que denota que la pena será impuesta alternativamente cuando no se principie o no se termine el inventario según los plazos legales. Son dos (2) situaciones distintas porque son dos (2) los plazos con los que hay que cumplir: el plazo para comenzarlo y el plazo para concluirlo.

*op. cit.*, pág. 90. Sánchez Berdejo indica que la pérdida del beneficio de inventario sólo puede obedecer a hechos personales del heredero "que representen infracciones graves de los trámites y garantías fundamentales de los interesados en el caudal relicto, cometidos culpablemente por un sujeto imputable". Lacruz Berdejo y Sancho Rebullida, *op. cit.*, pág. 136. Bonet, según citado en Lacruz Berdejo y Sancho Rebullida, *op. cit.*, pág. 137, dice que "[s]i no interviene culpa o negligencia del heredero ... no se pierde el beneficio de inventario", debiendo continuar la formación del inventario. Véase, también, J.M. Manresa y Navarro, *Comentarios al Código Civil Español*, Madrid, Ed. Reus, 1955, T. VII, págs. 548–549.

La culpa o negligencia del heredero consiste en la omisión de aquella diligencia que exija la naturaleza de su obligación de inventariar y corresponda a las circunstancias en que se encuentre, al tiempo y al lugar. Si el heredero es imputable, se entiende que no acepta a beneficio de inventario, sino en forma pura y simple, según las últimas palabras del Art. 972 del Código Civil, *supra*: "se entenderá que acepta la herencia pura y simplemente." Albaladejo, *op. cit.*, pág. 367.

Por otra parte, la culpa o negligencia no se puede presumir; tiene que probarse. Albaladejo, *op. cit.*, pág 369; Puig Brutau, *op. cit.*, págs. 252–253. Según el profesor González Tejera, para imponer dicha sanción se requiere "evidencia incuestionable de malicia o descuido inexcusable porque, dadas las severas consecuencias que puede producir la pérdida del beneficio, los tribunales estarían renuentes a imponer la pérdida como sanción". E. González Tejera, *La aceptación y repudiación de herencia*, 48 Rev. Jur. U.P.R. 73, 95 (1979).

 Sobre este particular, hemos resuelto que si bien es cierto que el Art. 972 del Código Civil, *supra*, requiere que el incumplimiento haya sido por culpa o negligencia del heredero, dicho requisito significa "sencillamen-

te que el inventario no se ha realizado por razones que sólo son imputables al propio heredero". *Lequerique v. Sucn. Talavera Crespo*, supra, pág. 315. Señalamos que si no hay causa justa o legítima que le impida realizar el inventario, si la omisión resulta de la mera inacción del heredero, entonces entra en vigor el mandato del Art. 972 del Código Civil, *supra. Lequerique v. Sucn. Talavera Crespo*, supra.

Tras exponer la doctrina sobre el derecho a deliberar y el beneficio de inventario, veamos si a la luz de los hechos particulares de este caso, procedía imponerle al recurrente, señor González Mezerene, la sanción provista por el Art. 972 del Código Civil, *supra*.

## C. *Aplicación de las normas de derecho a los hechos*

En el caso de autos, el foro de instancia concedió treinta (30) días, a partir de 26 de junio de 1991, al señor González Mezerene para decidir si aceptaba o repudiaba la herencia. Dentro de ese término, que vencía el 26 de julio de 1991, el recurrente recabó su derecho a deliberar al contestar la interpelación judicial, el 18 de julio de 1991. Válidamente solicitó la formación de un inventario con cargo al caudal hereditario.

El 11 de octubre de 1991, el señor González Mezerene presentó una moción para que se ordenara a la parte demandante la entrega de documentos personales y corporativos relacionados a los bienes del causante de la herencia en cuestión. No fue hasta el 10 de febrero de 1992 que el tribunal de instancia tomó acción sobre dicha solicitud, ordenando al recurrente principiar el inventario en treinta (30) días y concluirlo en otros sesenta (60).[18] El plazo para comenzar el inventario comenzaba el 18 de febrero de 1992, cuando se notificó la orden, y vencía el 19 de marzo

---

[18] Esto ocurre después de que la representación legal de la demandante, señora González Campos, anunciara primero que se proponía realizar un inventario y que estaba en proceso de citar a los acreedores, y que más tarde indicara que era al señor González Mezerene a quien le correspondía realizarlo.

de 1992. De otra parte, el término para concluirlo comenzaba el 20 de marzo de 1992 y finalizaba el 19 de mayo de 1992.

Vencido el término para principiar la formación del inventario, el 10 de abril de 1992, pero antes de que venciera el término para concluirlo, el señor González Mezerene presentó una moción para que se formara un inventario judicial. Adujo que no tenía en su poder los bienes del causante, por lo que le era difícil formar un inventario. A esto se opuso la parte demandante. El tribunal acogió su solicitud cuando, el 27 de mayo, dictó una orden para la celebración de una vista para determinar los parámetros del inventario judicial. Celebrada la vista, el 22 de junio de 1992, el tribunal de instancia reconsideró su posición y determinó que no procedía el inventario y que el demandado había aceptado la herencia pura y simplemente.(19)

Ciertamente, el señor González Mezerene no inició o concluyó la formación del inventario dentro del término correspondiente. Cuando solicitó la formación del inventario judicial, ya había transcurrido el término prescrito para iniciarlo. No obstante, no podemos concluir que la omisión fue el resultado de la mera inacción del heredero, señor González Mezerene.

Es un hecho que el señor González Mezerene trató de que el tribunal de instancia tuviese participación en la formación del inventario judicial. Primero, solicitó al tribunal que se realizara el "descubrimiento de prueba"(20) y, luego, que se realizara el inventario judicial. La propia actuación del tribunal al acoger la solicitud del señor González Me-

---

(19) El tribunal no esbozó los fundamentos que tuvo para emitir dicha sentencia. Sin embargo, entendemos que recogió los señalamientos de la parte demandante que alegó que no podía realizarse el inventario porque éste se forma cuando el heredero tiene interés en aceptar la herencia a beneficio de inventario y tiene dudas sobre los débitos y el valor de la herencia. Además, que la formación de inventario no tenía que ser por vía judicial.

(20) En esta etapa de los procedimientos, el señor González Mezerene, quien no es abogado, se representaba a sí mismo. Es posible que no entendiera los mecanismos de descubrimiento de prueba y formación del inventario judicial.

zerene para que se realizara un inventario judicial, así como la lentitud con que resolvió dichas mociones, pueden ser interpretadas como causa justa o legítima por la cual no se principió el inventario. Además, de los autos no surge prueba de que el inventario no se realizó por razones que sólo son imputables al señor González Mezerene. De hecho, no hubo vista evidenciaria ni se presentó prueba documental sobre las razones para el incumplimiento.

De otra parte, el señor González Mezerene reiteradamente manifestó que no podía hacer el inventario porque los bienes no se encontraban en su poder ni a su disposición; éstos estaban en poder de la demandante, quien primero expresó que haría el inventario y luego se retractó aduciendo que éste no era necesario. Bajo estas circunstancias no podemos concluir que el inventario no se realizó por razones sólo imputables al señor González. *Lequerique v. Sucn. Talavera Crespo*, supra, pág. 315. En este caso no procedía imponer al demandado la fuerte sanción provista por el Código Civil en su Art. 972, *supra*. Esto, sin embargo, no resuelve el problema ante nuestra consideración. Veamos.

## III

### La aceptación tácita de la herencia

La aceptación de la herencia pura y simple, es decir, sin beneficio de inventario, puede ser expresa o tácita. Art. 953 del Código Civil, 31 L.P.R.A. sec. 2781;[21] Espín Cánovas, *op. cit.*, págs. 69–70. Según dicho artículo,

_____

[21] Expresa el Art. 953 del Código Civil, 31 L.P.R.A. sec. 2721:

"La aceptación pura y simple puede ser expresa o tácita.

"Expresa es la que se hace en documento público o privado.

"Tácita es la que se hace por actos que suponen necesariamente la voluntad de aceptar, o que no habría derecho a ejecutar sino con la cualidad de heredero.

"Los actos de mera conservación o administración provisional no implican la aceptación de la herencia, si con ellos no se ha tomado el título o la cualidad de heredero."

la aceptación expresa es la que se hace en documento público o privado. La aceptación tácita es la que se hace por actos que suponen necesariamente la voluntad de aceptar o que no habría derecho a ejecutar sino con la cualidad de heredero. Mediante su conducta, el llamado puede colocarse en la misma posición que resultaría de la aceptación expresa. En tal caso tiene que admitir las consecuencias jurídicas de sus actos; no puede negar las consecuencias que de manera natural se desprendan de éstos. Puig Brutau, *op. cit.*, pág. 214.

Albaladejo explica que la aceptación tácita es la que se manifiesta a través de hechos y actos que por su propia naturaleza o por disposición legal han de ser reputados como concluyentes demostraciones de la voluntad de aceptar. Estos son actos que "constituyen negocios jurídicos por los que se transmite, se grava, se modifica en su contenido o se extingue un derecho; o bien, aquellos por los que se modifica la composición de un patrimonio transfiriendo o alterando esencialmente derechos que se hallaban comprendidos en él". Albaladejo, *op. cit.*, pág. 200. Véanse: Manresa, *op. cit.*, pág. 405; G. Velázquez, *Teoría del Derecho Sucesorio Puertorriqueño*, 2da ed. rev., San Juan, Equity Publishing Corp., 1968, págs. 57–59. Para Lacruz Berdejo, "[e]n la aceptación tácita el efecto de subentrar en la herencia es determinado por la ley, sin referencia a la consciente percepción que tenga de ello el adeunte". Lacruz Berdejo y Sancho Rebullida, *op. cit.*, pág. 123.[22]

■ Por otra parte, el Art. 954 del Código Civil, 31 L.P.R.A. sec. 2782, expresa de forma clara y contundente ciertas circunstancias representativas de la aceptación

---

[22] Para un análisis de la jurisprudencia existente en Puerto Rico sobre los actos de aceptación tácita, véase González Tejera, *op. cit.*, págs. 149–154; y para algunos ejemplos de lo que la jurisprudencia española ha decidido sobre lo que son o no actos de aceptación tácita, véanse: Lacruz Berdejo y Sancho Rubullida, *op. cit.*, págs. 123–125 escs. 2, 3, 4, 5 y 6; Albaladejo, *op. cit.*, págs. 199–229; J. Puig Brutau, *Fundamentos de Derecho Civil*, 2da ed. rev., Barcelona, Ed. Bosch, 1982, T. II, Vol. 2, pág. 213 y ss.

tácita.([23]) En el inciso (1) de dicho artículo se especifica que se entenderá aceptada la herencia cuando el heredero vende, dona o *cede* sus derechos hereditarios a un extraño, a todos sus coherederos o alguno de ellos.([24]) Es una aceptación tácita porque se puede inferir que el heredero que transmite un derecho no puede transmitirlo si no lo adquirió antes. Albaladejo, *op. cit.*, pág. 221; Puig Brutau, *op. cit.*, pág. 221. Manresa expone que no se concibe la disposición por venta, permuta, *cesión*, donación, *adjudicación en pago de deuda* a los acreedores, etc., actos indudables de dominio, sin haber aceptado la sucesión.([25])

Al explicar dicha disposición, Hernández Gil señala que

---

([23]) "Entiéndese aceptada la herencia:

"(1) Cuando el heredero vende, dona o cede su derecho a un extraño, a todos sus coherederos o a alguno de ellos.

"(2) Cuando el heredero la renuncia, aunque sea gratuitamente, a beneficio de uno o más de sus coherederos.

"(3) Cuando la renuncia por precio a favor de todos sus coherederos indistintamente; pero si esta renuncia fuere gratuita y los coherederos a cuyo favor se haga son aquellos a quienes debe acrecer la porción renunciada, no se entenderá aceptada la herencia."

([24]) La cesión de derechos hereditarios o venta de herencia consiste en la transmisión de la universalidad de derechos que corresponde al heredero, o de una cuota de la misma, una vez que la sucesión está abierta. Pero, "el adquirente de la herencia sólo puede obtener lo que resulta fundado en la certeza y legitimidad de esta cualidad del cedente". J. Puig Brutau, *op. cit.*, pág. 237.

([25]) Royo considera que los actos y supuestos concretos señalados por el Código Civil en los Arts. 954 (31 L.P.R.A. sec. 2782) y 959, *supra*, sobre cuándo se entiende aceptada la herencia, "entrañan necesariamente aceptación pura y simple de la herencia ...". (Énfasis suprimido.) Royo, *op. cit.*, pág. 281.

Manresa opina lo contrario. Estima que los actos que suponen la aceptación tácita no siempre demuestran que esta aceptación haya de ser pura y simple. Dice que: llenándose las formalidades y cumpliéndose los requisitos a que se refieren los arts. [965 al 972] puede aceptarse a beneficio de inventario y añade que "para que esa aceptación se entienda pura y simple, sin necesidad de documento ni de formalidad alguna en que conste una manifestación expresa, es indispensable que el sucesor aceptante deje además transcurrir los plazos a que el art. [969] en su relación con el [968], se refiere, sin pedir la formación de inventario, o para deliberar sobre el modo en que le conviene verificar la aceptación". Manresa, *op. cit.*, págs. 458–466; C. Valverde, *Tratado de Derecho Civil Español,* 4ta ed., Valladolid, Talleres Tipográficos "Cuesta", 1939, T. V, págs. 513 y 517. Comparten dicha opinión Lacruz Berdejo y Sancho Rebullida, quienes al explicar la aceptación *ex lege* como sanción del Art. 956 del Código Civil, 31 L.P.R.A. sec. 2784, sobre herederos que sustraen u ocultan efectos de la herencia, señalan que "[a] diferencia de la aceptación tácita, en este supuesto queda excluido definitivamente el beneficio de inventario". Lacruz Berdejo y Sancho Rebullida, *op. cit.*, pág. 126.

Al respecto Puig Brutau, citando precisamente a Lacruz Berdejo, dice:

"[e]l sentido de la norma es que si el llamado a la herencia realiza alguno de esos actos de disposición, lo que transfiere no es su derecho a la herencia (*ius delationis*), sino la herencia o la cuota ya adquirida, para lo cual se presupone que los actos de disposición implican una anterior aceptación. El enajenante transfiere lo adquirido como heredero." Hernández Gil, *op. cit.*, pág. 89.

Pasemos ahora a aplicar las normas de derecho antes esbozadas a los hechos particulares de este caso.

En el caso de autos, el señor González Mezerene cedió al Banco Popular de Puerto Rico todos los derechos, pagos, compensaciones o emolumentos que le correspondería recibir en los procedimientos judiciales relacionados con el caudal hereditario de su padre fallecido presentados ante el Tribunal de Primera Instancia, Sala Superior de San Juan. Éste cedió específicamente sus derechos en tres (3) casos: (1) *Miguel Ángel González Tigera y otros v. René González Tigera y otros*, Civil Núm. 86-5092(903), sobre sentencia declaratoria, acción civil y acción derivativa; (2) *Caridad González Campos v. René Augusto González*, Civil Núm. KAC 91-0096, acción civil sobre interpelación de la aceptación de herencia; (3) *Caridad González Campos, Ex*

---

"Acerca de las reglas del Código [sobre aceptación tácita], advierte con razón Lacruz Berdejo ... que el beneficio de inventario no es propiamente una forma de aceptación, sino una situación que el heredero puede solicitar incluso después de aceptada la herencia, si todavía permite la ley las formalidades correspondientes. Por ello dice que podría hablarse más exactamente de 'aceptación sin petición simultánea de beneficio de inventario', que puede ser expresa o tácita, frente a la aceptación con petición simultánea de dicho beneficio, en cuyo caso se tratará siempre de aceptación expresa. Reconoce, sin embargo, que 'en la práctica, la petición ulterior del beneficio no suele producirse, de modo que la aceptación en que no se solicite éste, normalmente queda como pura y simple. De ahí la identificación del C. c. entre aceptación tácita y aceptación pura y, en general, el sentido del art. [953]." (Cita omitida.) Puig Brutau, *op. cit.*, pág. 213, esc. 104.

Por su parte, Albadalejo afirma que puede suceder que "quien aceptó la herencia tácitamente o *ex lege*, pida luego y obtenga después el tal beneficio de inventario ...". Albadalejo, *op. cit.*, pág. 229.

Vélez Torres no hace tal diferenciación y considera que tanto los que ceden el *ius delationis* como los que sustraen u ocultan algunos efectos de la herencia son verdaderos aceptantes, pero no especifica si la aceptación es pura y simple. Vélez Torres, *op. cit.*, pág. 450.

*parte*, Civil Núm. KJ490-0171(806) sobre Declaratoria de Herederos.

En cuanto al caso Civil Núm. KAC-91-0096(02), cuya sentencia es la recurrida ante nos, éste versa sobre la interpelación de la aceptación de herencia, o sea, sobre la posible existencia de un derecho subjetivo hereditario.[26] La acción cedida podía culminar en la aceptación de la herencia pura y simplemente, la aceptación condicionada, a beneficio de inventario, o la repudiación de la herencia. Por otra parte, el caso Civil Núm. KJV 90-0171(806) trata sobre una declaratoria de herederos. O sea, era una acción encaminada a establecer la condición de heredero del señor González Mezerene, luego de la cual éste podría aceptar o repudiar la herencia. Al ceder sus derechos en dichos casos, el señor González Mezerene estaba cediendo, simplemente, la posibilidad de la existencia de unos derechos hereditarios, ya que el cesionario sólo obtiene lo que el cedente tiene. Puig Brutau, *op. cit.*, pág. 237. En el caso de autos en específico, difícilmente se podría concluir que mediante su cesión hubo una aceptación tácita de una herencia, ya que la acción va encaminada, precisamente, a obligar a la persona a decidir si la acepta o no, y si la acepta, si lo hace pura y simplemente o a beneficio de inventario.

El tercer caso, *Miguel Ángel González Tigera y otros v. René González Tigera y otros*, Civil Núm. 86-5092(902), fue iniciado, entre otros, por el señor González Mezerene antes del fallecimiento de su padre. Trata dicho caso de una controversia sobre la titularidad de las acciones de ciertas corporaciones. Resulta obvio, pues, que éste no es un caso en el cual se cede un derecho hereditario. No puede concluirse que el señor González Mezerene, al ceder los dere-

---

[26] El derecho hereditario al que se refiere el Art. 954 del Código Civil, 31 L.P.R.A. sec. 2782, en su primer inciso es precisamente el derecho del heredero, ya sea su derecho subjetivo de titularidad sobre la totalidad del patrimonio, si es que es heredero único, o sobre el derecho subjetivo que le corresponde sobre una cuota ideal del patrimonio del causante, o sea, el derecho hereditario en abstracto. Véase Albadalejo, *op. cit.*, pág. 222.

chos que pudiera tener al finalizar dicho pleito, aceptó la herencia de su padre.

## IV

*Conclusión*

En resumen, los hechos de este caso no permiten establecer que el señor González Mezerene aceptó la herencia de su padre fallecido pura y simplemente por no cumplir con los términos para formar un inventario de la herencia tras acogerse al derecho a deliberar sobre la aceptación del caudal hereditario. Tampoco las actuaciones del señor González Mezerene son representativas de la aceptación tácita producto de la cesión de los bienes hereditarios.

Por todo lo antes expuesto, *se dictará sentencia revocando la dictada por el Tribunal de Primera Instancia, Sala Superior de San Juan, la cual deniega la formación de un inventario judicial y establece que el señor González Mezerene aceptó la herencia de su padre fallecido, pura y simplemente. Se devuelve el caso para que el tribunal de instancia proceda a realizar un inventario judicial.*

El Juez Asociado Señor Hernández Denton no intervino.